UNITED STATES of America, Appellee,

v.

Gloria NARANJO, Defendant–Appellant.

No. 305, Docket 93–1333.

United States Court of Appeals,
Second Circuit.

Argued Oct. 14, 1993.

Decided Jan. 11, 1994.

Thomas H. Nooter, New York City (Freeman, Nooter & Ginsberg, on the brief), for defendant-appellant.

Katherine H. Choo, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., John W. Auchincloss II, Asst. U.S. Atty., on the brief), for appellee.

Before: NEWMAN, Chief Judge, KEARSE, Circuit Judge, and TENNEY,* District Judge.

JON O. NEWMAN, Chief Judge:

This appeal presents the issue whether phone calls by a defendant's co-conspirator in furtherance of a conspiracy are sufficient to establish venue for a conspiracy charge in the district to which the calls were made. The issue arises on an appeal by Gloria Naranjo from the May 4, 1993, judgment of the District Court for the Southern District of New York (Dominick L. DiCarlo, Chief Judge, United States Court of International Trade, sitting by designation) convicting her of a narcotics conspiracy. We conclude that venue in the district to which the calls were made is proper, at least in the absence of unfairness or hardship to the defendant arising from trial in that district, or artificial creation of venue in that district by the Government. We therefore affirm.

### Facts

Naranjo was convicted of conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture containing heroin and five kilograms or more of a mixture containing cocaine, in violation of 21 U.S.C. § 846 (1988). The evidence established that Naranjo conspired with Patrick Free, who testified for the Government at defendant's trial, to sell drugs to an undercover FBI agent. Free contacted the agent many times by calling the agent's Manhattan beeper number and leaving a telephone number where he could be reached. Free testified that the purpose of these calls was to discuss the drug deal, to set up meetings, and to discuss prices. Whenever Free contacted the agent by beeper, Free believed that the agent was in Manhattan, and the jury was entitled to find that the agent was in Manhattan on many of the occasions when he returned Free's phone calls. One call was made to the agent at a pay-phone in Manhattan, where the agent was waiting; the agent had left this number on Free's beeper after Free had beeped the agent at a Manhattan movie theater. That conversation involved a narcotics transaction.

Appellant's sole contention is that venue was improper in the Southern District of New York. She argues that the charged offense bore an insufficient nexus to the Southern District to support the finding of venue in that district.

### Discussion

The Government bears the burden of proving, by a preponderance of the evidence, that venue exists. *United States v.*

---

* The Honorable Charles H. Tenney, United States District Judge for the Southern District of New York, sitting by designation.

*Stephenson,* 895 F.2d 867, 874 (2d Cir.1990). Venue is proper in any district in which the crime is committed. Fed.R.Crim.P. 18; 18 U.S.C. § 3237(a) (1988). In a prosecution for conspiracy, venue is proper in any district in which "an overt act in furtherance of the conspiracy was committed by any of the co-conspirators." *United States v. Ramirez–Amaya,* 812 F.2d 813, 816 (2d Cir.1987) (citation omitted). The defendant need not have been present in the district, as long as an overt act in furtherance of the conspiracy occurred there. *Hyde v. United States,* 225 U.S. 347, 362–63, 32 S.Ct. 793, 800–01, 56 L.Ed. 1114 (1912).

■ Phone calls can constitute overt acts in furtherance of a conspiracy. *United States v. Uribe,* 890 F.2d 554, 558–59 (1st Cir.1989); *United States v. Stewart,* 878 F.2d 256, 258 (8th Cir.1989); *United States v. Lewis,* 676 F.2d 508, 511 (11th Cir.), *cert. denied,* 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982); *United States v. Strickland,* 493 F.2d 182, 187 (5th Cir.), *cert. dismissed,* 419 U.S. 801, 95 S.Ct. 9, 42 L.Ed.2d 32 (1974). In *United States v. Friedman,* 998 F.2d 53 (2d Cir.1993), we held that phone calls from Long Island to an individual in Manhattan in order to set up a robbery in Brooklyn were "sufficiently probative of a conspiracy to establish venue" in the Southern District. *Id.* at 57.[1] While it is true that the individual in *Friedman* who was called in Manhattan was a co-conspirator, we did not rely on this fact when determining that venue was proper. We ruled that "[t]he phone calls alone" established venue in the Southern District. *Id.* Thus, *Friedman* stands for the proposition that phone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy.

■ We see no basis for imposing any more rigorous requirement concerning the content of the phone calls than that they do further the conspiracy. We do not understand *United States v. Reed,* 773 F.2d 477 (2d Cir.1985), to imply any additional require-

ment. Though *Reed* refers to a "substantial contacts rule" for determining venue, *id.* at 481, it is clear that the panel regarded the locale of the defendant's acts as a sufficient basis for establishing venue: "the alleged criminal acts provide substantial contact with the district." *Id.* Phone calls in furtherance of a conspiracy are criminal acts, and a defendant is liable for the acts of a co-conspirator in furtherance of the conspiracy. That "substantial contacts" can be satisfied by any phone calls in furtherance of a conspiracy, without meeting some higher threshold test of importance, is demonstrated by the fact that the author of *Reed* wrote the subsequent opinion in *Friedman.*

■ In the pending case, there was no evidence that Naranjo herself ever entered the Southern District as part of the narcotics conspiracy. She resides in Queens and was arrested there. All meetings related to the conspiracy also occurred in Queens. However, the actions of Naranjo's co-conspirator, Free, adequately supported the finding of venue. Free made numerous telephone calls to an undercover agent's beeper in Manhattan. The agent returned these calls from Manhattan on many occasions, and Free knew that the agent was calling from Manhattan. Free once called the agent at a payphone in Manhattan. During these calls, which were either initiated by Free or made by the agent in response to Free's beeper messages, the agent and Free discussed the narcotics transaction they were contemplating.

Naranjo contends alternatively that the Government artificially created venue in the Southern District. This argument also fails. The Government "did not orchestrate the phone call in order to lay the groundwork for venue" in the Southern District. *United States v. Lewis,* 676 F.2d at 511 n. 3. It was Free who sought out the agent in that District. Furthermore, the agent did not go to Manhattan in order to create venue there.

Finally, we observe that important public policy concerns that might forbid trying a

---

1. Manhattan is part of the Southern District of New York, while Brooklyn and Long Island are part of the Eastern District of New York. Our opinion in *Friedman* omits the fact that the rob-

bery was to occur in Brooklyn, but that fact is made clear in *United States v. Skowronski,* 968 F.2d 242, 244 (2d Cir.1992), which involved the trial of a co-conspirator.

defendant in a particular district are not implicated in this case. *See United States v. Johnson,* 323 U.S. 273, 275, 65 S.Ct. 249, 89 L.Ed. 236 (1944) (noting "the unfairness and hardship to which trial in an environment alien to the accused exposes him"); *United States v. Reed,* 773 F.2d at 480–81. Naranjo makes no claim of unfairness or hardship arising from being tried in the Southern District. She concedes that the Government did not maliciously attempt to prosecute her in the Southern District because that District would be more favorable to its case.

The judgment of the District Court is affirmed.