*143 OPINION OF THE COURT
Michael R. Juvilek, J.
This is a written version of a decision that was delivered orally on a motion to dismiss an indictment.
This is one of a dozen separate cases resulting from an investigation by the District Attorney of Kings County and a Grand Jury of Kings County of alleged insurance fraud by a number of lawyers and doctors in the New York City metropolitan area involving false claims for injuries in accidents.
The decisive issue in this case is whether geographical jurisdiction — also called "venue” — lies in Kings County because an undercover agent placed a telephone call from Kings County to the defendant in New York County, whereupon the defendant solicited him on the telephone to commit the crimes.
An important witness in the investigation of many of the lawyers was an accomplice, Dr. Howard Kaiser, a chiropractor, whose offices are in New Hyde Park and Brooklyn. Cooperating with the District Attorney, he secretly recorded conversations with targeted lawyers, and he testified before the Grand Jury. Tape recordings of conversations between Kaiser and the lawyers were introduced in evidence before the Grand Jury.
The present indictment charges the defendant, a lawyer whose office is in Manhattan, with insurance fraud and falsifying business records of Dr. Kaiser and the insurer. The charges, clarified by a bill of particulars, allege that the defendant solicited Kaiser on the telephone to make up and submit back-dated bills for fictitious visits by two clients, to beef up claims on insurance policies for injuries from automobile accidents. During the conversation, Kaiser was in Kings County, having telephoned the defendant’s office in Manhattan from the District Attorney’s office in Brooklyn.
Although venue is not an element of the crime, it must be established before a Grand Jury. The standard of proof on review of the sufficiency of evidence of venue before a Grand Jury is low: whether jurisdiction fairly and reasonably can be inferred from all the facts and circumstances introduced into evidence. (Matter of Steingut v Gold, 42 NY2d 311, 316.)
The evidence before the Grand Jury, taken in the light most favorable to the People as it must on this motion (People v Sullivan, 68 NY2d 495, 499-500), showed that Dr. Kaiser created the phony bills in his office in New Hyde Park, *144 Nassau County, and filed them there. The defendant or Kaiser submitted the bills from New Hyde Park or Manhattan to the insurer’s offices in Nassau County. The falsified records of the insurer were in Nassau County. All correspondence from the defendant in the alleged schemes was sent from Manhattan to places in Nassau County. Although in the crucial telephone conversation Kaiser was returning the defendant’s telephone call, the evidence did not show where the defendant had called to, and there was no evidence that the defendant knew that Kaiser was in Kings County when the defendant solicited him on the telephone to commit fraud; in all other communications between them by mail or telephone the defendant was in Manhattan and Kaiser was in his Nassau County office.
The evidence before the Grand Jury showed, and the People commendably conceded on oral argument, that the only contact with Kings County was that telephone conversation between Kaiser in the District Attorney’s office in Kings County and the defendant in his office in New York County.
The People rely entirely on CPL 20.60 (1), which provides that "for purposes of’ CPL article 20 — that is, in determining the proper county of venue — a statement made on the telephone or by mail by a defendant in one county to a person in another county is "deemed” to have been made in both counties.
If the defendant’s solicitation to defraud, although occurring in New York County, is "deemed” to have been committed in Kings County, then the Kings County Grand Jury and this court have jurisdiction pursuant to CPL 20.40 (1) (b). That paragraph places venue in a county if conduct by the defendant in that county is sufficient to establish a conspiracy; if the defendant is "deemed” to have been in Kings County, then his conspiracy with Kaiser would be deemed to have occurred here. There would also be venue in Kings County pursuant to CPL 20.40 (1) (a), which places venue in a county if conduct in that county is sufficient to establish an element of the crime; that element would be the defendant’s intent to defraud.
The flaw in the People’s mechanical application of CPL 20.60 (1) is that it ignores the constitutional background of CPL article 20, and the context of section 20.60 (1) in article 20. Viewed in those contexts, section 20.60 (1) does not apply to the telephone conversation. The reason is that there was no actual criminal conduct or intent in Kings County, no effect in Kings County of the defendant’s conduct in Manhattan, no *145 intent to have an effect in Kings County, not even evidence of knowledge by the defendant that Kaiser was in Kings County when he solicited Kaiser. All acts by the defendant were performed in counties other than Kings, and every result of his conduct was outside Kings County. On such facts, there is no venue in Kings County, notwithstanding the language of section 20.60 (1).
A defendant has the right under article I, § 2 of the NY Constitution to be prosecuted in the county where the alleged criminal conduct was committed, unless the Leglislature vests jurisdiction in some other county. (People v Ribowsky, 77 NY2d 284; People v Moore, 46 NY2d 1, 6; People v Botta, 100 AD2d 311, 313.) The right to trial by jury in article I, § 2 incorporates the common law as it stood at the time of independence. That includes the right to be tried by a jury of the "vicinage,” the county where the alleged criminal conduct was committed. (Mack v People, 82 NY 235; People v Petrea, 92 NY 128, 143; Matter of Murphy v Supreme Ct., 294 NY 440, 448.)
The guarantee to a defendant of the right to trial by a jury of the vicinage is a right historically regarded as "vital.” Indeed, limitation of that right was one of the grievances that led to the American Revolution. The courts of this State have long recognized that this right is (at 457) "not to be lightly disregarded and that only the most compelling reason could justify trial by a jury not drawn from the vicinage.” (Matter of Murphy v Supreme Ct., supra, at 448-457; see also, People v Goldswer, 39 NY2d 656, 659-662.)
Thus, if a defendant is convicted by a jury that includes, over timely objection and after exhaustion of the defendant’s peremptory challenges, a juror who is not a resident of the county, the conviction may be void. (See, People v Foster, 100 AD2d 200, 204, mod on other grounds 64 NY2d 1144, 1146, cert denied 474 US 857.) The Court of Appeals has included a juror’s "residence” among the qualifications that "go to the substance of a juror’s function.” (People v Foster, supra, at 1146; see also, People v Mikell, 183 AD2d 411, 412.)
Because of the right to a trial by a jury of the vicinage, our courts have given CPL article 20 "a restrictive interpretation and operation.” (Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 20.40 [1981].) Trial may be held outside the vicinage only if the Legislature has authorized that in "clear and unmistakable terms” (Matter of *146 Murphy v Supreme Ct., supra, at 447, quoting People v Farini, 239 NY 411, 415); such laws are applied only in accordance with necessity.
An example is the narrow construction of CPL 20.40 (2) (c) and 20.10 (4) in People v Fea (47 NY2d 70, 75). Those statutes provide that conduct performed in one county but having a particular effect in another county may be prosecuted in the latter county, if the defendant intended that the conduct have the effect in the latter county or knew that such effect was likely. Fea held that these statutes do not create jurisdiction in Bronx County for an assault committed in Rockland County, although the crime was committed to enforce a loan from a loanshark operating in the Bronx, and the motive and intent for the assault arose in the Bronx. The Court of Appeals pointed out that an exception to the normal rules of venue must arise "[o]f necessity.” (Supra, at 75.) In Fea, there was no such necessity because the assault could have been prosecuted in Rockland County.
In People v Moore (46 NY2d 1, supra), the Court gave a restrictive interpretation to two other venue statutes. CPL 20.40 (4) (g) provides that an offense committed in a private vehicle during a trip through more than one county may be prosecuted in any county through which the vehicle passed. CPL 20.40 (4) (c) provides that an offense committed within 500 yards of a boundary between two counties may be prosecuted in either county. The plain language of these statutes would have placed venue in Kings County for prosecution of a rape committed in a car in Queens County within 500 yards of the border of Kings County during a trip from Brooklyn to Queens. Nevertheless, the Court held that these statutes are not applicable when the site of the crime is ascertainable — in Moore, that being a particular spot in a park in Queens near the Brooklyn border. The Court stated: "Statutory exceptions to the rule that the prosecution should be held at the place where the crime was committed were created out of necessity. Strict adherence to the common-law rule often created insurmountable obstacles to prosecution. For instance, if part of the crime had been committed in one county and part in another the defendant could not be tried in either * * * In this and similar cases where the law would otherwise be frustrated, the general rule was altered by statute to insure that there would always be some forum where the crime could be prosecuted.” (46 NY2d, at 7.)
Under the reasoning of Fea and Moore (supra), section 20.60 *147 (1) does not apply in this case, there being no criminal conduct or effect in Kings County and no “necessity” to prosecute the defendant here.
People v Cullen (50 NY2d 168, 174) also compels this result. There the Court held, in the light of the Moore decision (supra), that at a retrial of a charge of possession of a controlled substance, section 20.40 (4) (g), relating to offenses in private vehicles traveling from one county to another, would not apply to possession of narcotics in a car passing through Nassau County to New York County, unless the jury was unable to determine whether possession occurred in New York or Nassau County. Therefore, section 20.60 (1) does not apply in the present case, because we know that the defendant was in New York County when he committed the alleged criminal conduct.
Against this background of constitutional history and consistently narrow interpretations of venue statutes by the Court of Appeals, there is no indication in the legislative history that section 20.60 (1) was intended to be applied literally in the manner advocated by the People. In the reports of the Commission on Revision of the Penal Law and Criminal Code, which drafted article 20, and in the Commission Staff Reports, there is no mention of section 20.60 (1), much less an expression of intent “in clear and unmistakable terms” (see, Matter of Murphy v Supreme Ct., supra, at 447; People v Farini, 239 NY 411, 415, supra) that section 20.60 (1) be applied to the kind of facts illustrated by this case so that venue would rest entirely on an undercover operative’s telephone call to a target of an investigation, without any evidence that the target even knew where the informer was.
CPL article 20 itself suggests that no such broad application was intended. Section 20.60 must be read in the context of article 20; section 20.60 begins, "For purposes of this article.” Therefore, section 20.60 must be read in connection with section 20.40, which governs venue in counties. The application of section 20.60 (1) to a case like this would be out of line with section 20.40. Each provision of section 20.40 either (1) requires a specific factual attachment of significance to the county of prosecution, such as an element of the crime, a conspiracy to commit the crime, or a particular effect in that county and the defendant’s intent or expectation that a particular effect result in that county; or (2) as Fea, Moore and Cullen (supra) held, the provision applies “of necessity” when *148 the location of the defendant’s criminal conduct cannot be determined.
If section 20.60 (1) does not apply here, when does it? CPL 20.60 (1) applies when the fact finder cannot determine which county the defendant was in when the defendant made the criminal statement, such as in a telephone conversation when the defendant’s location cannot be determined. In addition, the subdivision addresses the problem referred to in People v Moore (supra) that under the common law of New York, if part of a crime was committed in one county and part in another, the defendant could not be prosecuted in either county. Section 20.60 (1), combined with section 20.40, insures that if the requirements of venue are otherwise satisfied by a sufficient criminal connection or effect in the county of prosecution, the transmittal of a criminal statement, such as a fraudulent insurance claim, by mail from one county to another, or the occurrence of a criminal conversation on the telephone between conspirators in two counties, results in venue in either county.
The latter situation is found in People v Botta (100 AD2d 311, supra), which held that the defendant Cannon, the manager of a wire room in Queens, was properly prosecuted in Nassau County for promoting gambling. Cannon was an accomplice of Botta, the owner of the wire room, who had directed the operation by telephone from Botta’s home in Nassau County while in conversation with Cannon in Queens.
In Botta (supra), significant contacts in Nassau County were covered by CPL 20.40. The effect of Cannon’s conduct was in Nassau County, where the owner received the proceeds (CPL 20.40 [2] [c]); elements of the crime occurred in Nassau County, including advancing and profiting from an illegal gambling operation (CPL 20.40 [1] [a]); and a culpable conspirator, Botta, was actually conspiring in Nassau County (CPL 20.40 [1] [bp.
In the telephone conversation in this case, Kaiser, unlike Botta, was acting undercover without criminal intent, there was no actual effect in Kings County, and there was no evidence that the defendant knew that Kaiser was in Kings County when the defendant solicited him. Venue is not established on such facts.
This is true wholly apart from entrapment: "It is not a sufficient answer that if the issue here were simply one of entrapment,” a jury would be justified in finding that the *149 defendant "had a propensity for [the] crime.” (United States v Archer, 486 F2d 670, 682.) And it is true whether or not the investigators deliberately manipulate the site of the telephone call to "manufacture” jurisdiction, as the Federal investigators and informer did in United States v Archer (supra, at 681; see also, People v Isaacson, 44 NY2d 511, 522). On the basis of the People’s oral argument and this court’s review of the evidence before the Grand Jury, I find that the District Attorney’s office conducted the investigation of the defendant fairly, and I reject the defendant’s allegation that the investigators deliberately arranged to have Kaiser’s telephone call made in Kings County in order to create jurisdiction. That was a happenstance occurring naturally and for convenience in the course of the investigation, just as Kaiser and another informant telephoned several Brooklyn lawyers from the Kings County District Attorney’s office during the same investigation.
But such matters should be viewed objectively as well as subjectively. To avoid the risk of abuse, and to preserve the defendant’s right to a trial by a jury of the county where the alleged criminal conduct occurred, the courts of this State must be hesitant, not withstanding the literal language of CPL 20.60, to base venue entirely on the location of an undercover informer’s communication.
The indictment is dismissed, without prejudice to presentation of appropriate charges to a Grand Jury of New York County.
ON RECONSIDERATION
After the oral decision was announced, the United States Court of Appeals for the Second Circuit decided United States v Naranjo (14 F3d 145 [2d Cir 1994]). The court held that telephone calls from outside the Southern District of New York by Naranjo’s accomplice to an undercover narcotic agent’s beeper in Manhattan, in the Southern District of New York, were sufficient for venue if a conspiracy charge in the Southern District, "at least in the absence of unfairness or hardship to the defendant arising from trial in that district, or artificial creation of venue in that district by the Government” (at 146). That decision does not require a finding of venue on the basis of Kaiser’s telephone call.
The facts of Naranjo (supra) differ materially from the facts of this case. In Naranjo, the accomplice "made numerous *150 telephone calls to an undercover agent’s beeper in Manhattan. The agent returned these calls from Manhattan on many occasions, and [the accomplice] knew that the agent was calling from Manhattan.” (14 F3d, at 147.) In this case, there is no evidence that the defendant called Kaiser in Kings County or that the defendant knew Kaiser was calling from Kings County. Moreover, the application of CPL 20.60 (1) is limited by the defendant’s right under the New York Constitution to a trial in the vicinage, a constitutional right not applicable in Naranjo, which rested on an interpretation of Federal venue statutes.
The indictment is dismissed, without prejudice to presentation of appropriate charges in New York County.