35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent WATKINS (93-4019); Bobby J. Wills (93-4020),
Defendants-Appellants.
 Nos. 93-4019, 93-4020.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Vincent Watkins and Bobby Joe Wills appeal their convictions for conspiracy to distribute cocaine. Wills raises questions related to venue, sufficiency of the evidence, and jury instructions. Watkins raises only sentencing issues.
 
 
 2
 For the reasons discussed below, we conclude that their contentions lack merit and therefore affirm each man's conviction and sentence.
 
 I.
 
 3
 On March 9, 1993, a grand jury returned a two-count indictment against Wills, Watkins, and Lee Helire. The first count alleged that Watkins conspired with Wills and Helire to transport cocaine from Los Angeles to Columbus, Ohio, in violation of 21 U.S.C. Sec. 846. The second count charged Watkins with racketeering activity related to interstate commerce in violation of 18 U.S.C. Sec. 1952.
 
 
 4
 Helire reached a plea agreement with the government. He subsequently provided crucial testimony during the trial of his codefendants. A jury convicted Wills and Watkins of the crimes charged.
 
 
 5
 The district court sentenced Wills to 188 months' imprisonment and five years' supervised release. Watkins received a life sentence for the Sec. 846 violation and a concurrent sentence of sixty months for his Sec. 1952 conviction.
 
 
 6
 The prosecution stemmed from a bus trip taken by Wills and Helire between Los Angeles and Columbus. According to trial testimony, Helire was approached in California by two acquaintances who asked if he would carry cocaine to Columbus for $500. One of these individuals was Watkins.
 
 
 7
 Later that day, Watkins drove Helire and Wills to the Los Angeles bus station. Along the way, the three met a fourth acquaintance who gave them a duffel bag containing cocaine. Watkins instructed Helire to carry it with him to Columbus.
 
 
 8
 Helire testified that Wills never had possession of the duffel bag and that, as far as Helire knew, Wills' only role was to accompany him to Columbus.
 
 
 9
 In Springfield, Missouri, law enforcement agents boarded the bus on a routine drug search. They noticed the duffel bag and questioned Helire, who admitted being the bag's owner and gave permission to search it. The agents found 7.7957 kilograms of cocaine in the bag.
 
 
 10
 After being removed from the bus, Helire agreed to cooperate. Among other things, he mentioned that he was travelling with Wills. Police then phoned ahead and had Wills arrested in Fort Leonard Wood, Missouri.
 
 
 11
 Both men were then transported to Columbus by law enforcement officials. The officials stopped the bus just outside the city. Helire reboarded in the company of two law enforcement officers. Upon arrival at the bus terminal, Helire got off and was met by Watkins. Agents then moved in and arrested both men.
 
 
 12
 Wills did not continue on the bus to Ohio. As a result, he filed a motion prior to trial requesting dismissal due to improper venue. The district court denied the motion.
 
 II.
 A. Issues Raised by Defendant Wills
 1. Venue
 
 13
 Wills first challenges the district court's denial of his motion to dismiss for want of proper venue. The right to proper venue is rooted in the Sixth Amendment: "[T]he accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.
 
 
 14
 An appellate court must reverse a conviction if the government fails to establish that venue was proper. United States v. Scaife, 749 F.2d 338, 346 (6th Cir.1984). However, venue need only be proved by a preponderance of the evidence. United States v. Beddow, 957 F.2d 1330, 1335 (6th Cir.1992).
 
 
 15
 Venue determination for crimes, such as conspiracy, that may involve more than one district is governed by 18 U.S.C. Sec. 3237(a), which states that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." See also Fed.R.Crim.P. 18 ("[P]rosecution shall be had in a district in which the offense was committed."). Moreover, venue is proper in any district in which an overt act was committed by any of the coconspirators, even if the defendant was not present in the district. United States v. Naranjo, 14 F.3d 145, 147 (2d Cir.) (citing cases), cert. denied, 114 S.Ct. 1862 (1994); Scaife, 749 F.2d at 346.
 
 
 16
 Wills contends that no overt acts occurred in the Southern District of Ohio. The plan was hatched in California and he was arrested in Missouri. Because he and Helire ceased to be coconspirators from the time of their arrests, Wills argues that Helire's subsequent meeting with Watkins was not an act done in furtherance of the conspiracy.
 
 
 17
 However, as long as the conspiracy moved forward, it is not essential that every member take part in every overt act. United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986). In this case, the jury heard testimony that Watkins travelled to Columbus to receive delivery of controlled substances for later distribution.
 
 
 18
 Furthermore, arrest alone does not automatically shield one from liability for later criminal acts committed by the conspiracy. One must "come clean" after arrest to avoid such liability. See United States v. Chambers, 944 F.2d 1253, 1265 (6th Cir.1991) (to establish withdrawal from a conspiracy after arrest one must cooperate with authorities), cert. denied, 112 S.Ct. 1217 (1992).
 
 
 19
 After his arrest, Wills denied knowing of the cocaine and told officers that he was travelling to Columbus to seek work. Although he admitted knowing Helire, he stated that their presence on the same bus was a coincidence. Because withdrawal is an affirmative defense, Wills must point to some act in addition to his arrest to demonstrate his withdrawal from the conspiracy. He has not done so.
 
 
 20
 Venue in the Southern District of Ohio was proper because Watkins, a coconspirator, attempted to complete the overt criminal act of receiving cocaine for distribution in Columbus while Wills was effectively still a member of the conspiracy.
 
 2. Jury Instruction for Conspiracy
 
 21
 Wills next objects to the district court's instruction to the jury on conspiracy. Wills concedes that the instruction was taken verbatim from the Pattern Jury Instructions of this circuit. During trial, his counsel proposed additional language to the effect that "mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant associated himself with the crime."
 
 
 22
 While the requested supplemental instruction correctly states the law, a district court need not accept every proposed addition if the instruction as given adequately conveys the substance of the supplemental request. United States v. Sassak, 881 F.2d 276, 279 (6th Cir.1989).
 
 
 23
 The instruction as given was thorough and adequate, particularly in view of the court having told the jury that "proof that people simply met together from time to time and talked about common interests or engaged in similar conduct is not enough to establish criminal agreement."
 
 3. Sufficiency of Evidence
 
 24
 Finally, Wills argues that the evidence did not support his conviction.
 
 
 25
 Defendant bears a heavy burden in order to prevail on this issue. We view the evidence in a light most favorable to the government and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 26
 The burden is increased in this case because defendant's counsel failed to renew his motion for acquittal at the close of the evidence. Thus, Wills is entitled to relief only if a "manifest miscarriage of justice" occurred. United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989).
 
 
 27
 While there is admittedly little evidence about the precise nature of Wills' role, there is evidence that he knowingly acted in concert with Helire and Watkins. This is enough to implicate him in the conspiracy and impose criminal liability for the acts of his coconspirators.
 
 B. Issues Raised by Watkins
 1. Obstruction of Justice
 
 28
 The district court imposed a two-level sentencing enhancement for obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1 (1992). Watkins argues that, because the guideline section refers to "willfully ... obstruct[ing]," a finding of specific intent on his part was necessary before the enhancement could be properly made. See United States v. Hoffman, 982 F.2d 187 (6th Cir.1992) (enhancement imposed after finding that defendant threatened to harm witnesses in attempt to obstruct justice).
 
 
 29
 At trial, Helire testified that he changed his story at a previous hearing in response to a threat he received from Watkins. The sentencing judge concluded that Helire had provided false information to the court as the result of the threat. While Watkins argues that the trial court erred by focusing on how Helire perceived the words spoken by Watkins, rather than on how Watkins intended them, we review the factual findings regarding the substance of the threats for clear error. Testimony in the record adequately supports the district court's conclusion and we therefore affirm the two-level enhancement imposed for obstruction of justice.
 
 2. Acceptance of Responsibility
 
 30
 The district court declined to grant defendant a two-level decrease for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a) (1992). Watkins argues that his post-conviction expression of remorse qualified him for this reduction.
 
 
 31
 At the sentencing hearing, the district court found that Watkins denied factual allegations during trial, including the purchase of bus tickets for his coconspirators and involvement in cocaine distribution. We review the district court's decision to deny a reduction for acceptance of responsibility for clear error. United States v. Crousore, 1 F.3d 382, 386 (6th Cir.1993).
 
 
 32
 Application Note 2 explains that the adjustment is "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. Sec. 3E1.1, comment. (n. 2).
 
 
 33
 Upon careful review of the record, we find ample support for the district court's findings with respect to this issue. Accordingly, we affirm its decision to deny defendant's request for a two-level reduction for acceptance of responsibility.
 
 3. Role in the Offense
 
 34
 Lastly, the district court imposed a two-level enhancement pursuant to U.S.S.G. Sec. 3B1.1(c) because Watkins was an "organizer, leader, manager, or supervisor." The court explained its decision in the following terms: "[D]efendant arranged the transportation and oversaw the delivery [of drugs]. He traveled to Columbus to pick up the delivery. Codefendants would receive a small amount of money for their services, and then the defendant would receive a larger share once the crack cocaine was distributed."
 
 
 35
 This court reviews the factual findings underlying this enhancement for clear error. United States v. Williams, 962 F.2d 1218, 1226 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 36
 Application Note 3 lists factors to be considered by the trial court when determining whether an individual exercised decision-making authority. Among other factors, the Note mentions recruitment of accomplices, the right to a larger share of the illicit proceeds, and a larger role in the planning. U.S.S.G. Sec. 3B1.1, comment. (n. 3). The district court cited each of these considerations during sentencing.
 
 
 37
 Watkins points to United States v. Gibson, 985 F.2d 860, 865-66 (6th Cir.), cert. denied, 113 S.Ct. 2981 (1993), for the proposition that, while the trial court has broad discretion with respect to this issue, more than "a mere buyer/seller relationship" is required when drugs are involved. However, the district court made sufficient factual findings to allay the concerns outlined in Gibson that this enhancement will be routinely applied to all persons convicted of drug trafficking.
 
 
 38
 Accordingly, we affirm the district court on this issue.
 
 
 39
 As our holdings with respect to defendant Watkins make clear, we find no merit to his contention that the district court should have required the government to provide additional evidence to support the sentencing enhancements imposed. The evidence before the district court was more than adequate to support its sentencing decisions by a preponderance of the evidence.
 
 III.
 
 40
 For the foregoing reasons, the convictions and sentences of both defendants are affirmed.