OPINION OF THE COURT
Harold Beeler, J.
Defendants jointly move pursuant to CPL 210.20 (1) (c) and 210.35 (5) to inspect and dismiss as defective the single count indictment charging them with grand larceny in the second degree (larceny by extortion) in violation of Penal Law § 155.40, on the grounds that New York County lacks geographical jurisdiction of the alleged offense; and therefore the New York County Grand Jury was not authorized to hear evidence concerning this matter (CPL 190.55 [1]). The facts are not in dispute.
Danny Li, the complainant in this matter, was about to open a new van service, running five vans between Brooklyn and Chinatown in New York County. On May 2, 1994, the first day of the company’s operation, a driver employed by a rival Brooklyn van company, Chen Sing, approached Mr. Li and told him that if he did not pay $18 per week per car to Chen Sing he would not be permitted to operate his business in the neighborhood.
Without responding, Mr. Li proceeded to another Brooklyn location, where he was once again approached by the Chen Sing driver, who was by this time accompanied by several other men. Mr. Li was taken to a restaurant to meet with another individual, David, who reiterated the threat and insisted that the decision be made immediately. Upon leaving the restaurant, David pushed Mr. Li into a van, after which he was introduced to Acum, David’s brother. Sometime that morning, Mr. Li agreed to meet David and Acum at a Chinatown restaurant (Yetta) that evening.
Mr. Li and his driver did not keep that appointment, and sometime that evening the driver received a call on his beeper from a (212) exchange. The driver returned the call, reaching first a waiter in a restaurant, and then David. During this telephone conversation, it was fully agreed that a payment would be made and that the amount of the payment would be $500, $360 in "protection money” and $140 for the restaurant meal which Mr. Li and his driver had failed to attend. The payment was actually made in cash in Kings County through Mr. Li’s wife and driver.
*965 After the payment, Mr. Li was directed to park his vans only at a certain location. Approximately two weeks later, one of Mr. Li’s vans was burned out, at which time he sought police intervention at the 5th Precinct in New York County.
On July 13, 1994, Mr. Li accompanied police officers to a location in Chinatown, where he identified the defendants as the individuals who had demanded protection money from him.
Although the People concede that many of the acts constituting the crime occurred in Kings County, they contend that the telephone conversation during which David in New York finalized the "deal”, establishes an element of the crime and confers jurisdiction on New York as well as Kings County.
Defendants argue that they have a common-law and constitutional right to be prosecuted in the county where the crimes were committed, unless by statute the Legislature has vested jurisdiction in another venue. (People v Moore, 46 NY2d 1.) Further, they maintain that the statutory exception relied upon by the People does not apply here because there is insufficient proof that David was actually calling Mr. Li’s driver from a New York County restaurant, rather than merely using a cellular phone with a New York County area code. In the alternative they argue that even if David and his cohorts were calling from a New York restaurant, the substance of the conversation, albeit concerning the extortion, was not sufficient to establish any element of the crime.
For the reasons that follow, the court finds that New York County is a proper venue for prosecution. It is the People’s burden to establish venue on the face of an indictment (see, CPL 200.50) and by a preponderance of the evidence before the Grand Jury. (Matter of Steingut v Gold, 42 NY2d 311 [1977].) In this regard, the People rely on two related provisions of CPL article 20: CPL 20.40 (1) (a), which provides that venue can be established in any county in which conduct establishing an element of the crime occurs; and CPL 20.60 (1), which provides that when a statement is made by a person in one county to a person in another county over the telephone, the statements are deemed to have been made in each jurisdiction for venue purposes.
Evaluating the evidence presented to the Grand Jury in a light most favorable to the People (People v Contes, 60 NY2d 620 [1983]), the telephone conversation between David and Mr. Li’s driver constituted conduct which "instill[ed] in the victim *966 a fear that the actor or another person will * * * cause damage to property” (Penal Law § 155.40 [2]). The phone call, during which Mr. Li finally agreed to pay David the "protection money” demanded in order to operate his van business, was the culminating threat in a series of extortionate conservations over the course of the same day. As such, this extortionary threat clearly establishes a substantive element of grand larceny by extortion.
Moreover, defendants’ conjectural argument that the call could have been made to a cellular phone is not supported by the record. According to the Grand Jury testimony, Mr. Li and his driver were supposed to have met David at a Chinatown restaurant on the evening of May 2, 1993. When neither showed up, David contacted the driver on his beeper leaving a return phone number which had a (212) exchange. Upon returning the call, the phone was answered by a waiter, who then located David in the restaurant. On this record, the People have met their burden of establishing by a preponderance of the evidence that the phone call was made to New York County and that venue is proper in that county pursuant to the plain language of CPL 20.60.
In this regard, the court disagrees with the reasoning of Justice Juviler in the recent case of People v R. (160 Misc 2d 142 [Kings County 1994]), in which the court dismissed for lack of venue a case against a Manhattan lawyer arising from a Kings County District Attorney’s investigation into alleged insurance fraud by a number of lawyers and doctors in the New York City metropolitan area. In that case, none of the conduct, save one telephone call between an accomplice turned informant and the defendant, occurred in Kings County. This single phone call was made by the informant at the behest of the prosecutor from the Brooklyn District Attorney’s office. During the call the informant asked the defendant to make up back-dated bills on fictitious visits for two clients to submit to increase their insurance claims.
Recognizing that the right to "trial by * * * vicinage” (People v R., supra, at 145) is a right derived from New York Constitution, article I, § 2, the court rejected what it characterized as the People’s "mechanical” (at 144) and expansive reading of CPL 20.60 (1) and 20.40 (1) (b), concluding that all article 20 venue exceptions should apply only when authorized in " 'clear and unmistakable terms’ ” (at 145). Applying that standard Justice Juviler concluded that the single telephone *967 conversation initiated by Dr. Kaiser to the defendant was insufficient to establish venue in Kings County because: "there was no actual criminal conduct or intent in Kings County, no effect in Kings County of the defendant’s conduct in Manhattan, no intent to have an effect in Kings County, not even evidence of knowledge by the defendant that Kaiser was in Kings County when he solicited Kaiser.” (People v R., supra, at 144-145.)
CPL 20.60 was enacted as part of the 1970 revision of New York’s criminal law, when the Code of Criminal Procedure was replaced by the Criminal Procedure Law. Notwithstanding that this revision reflected many years of work by a commission appointed by Governor Rockefeller, the legislative history is devoid of any mention of CPL 20.60, which had no predecessor statute under the Code of Criminal Procedure.
While, therefore, this court shares Justice Juviler’s difficulty in harmonizing the apparently broad sweep of CPL 20.60 with the long-standing common-law and constitutional history of the "right to trial by * * * vicinage” (People v R., supra, at 145), in the absence of any guidance from the Legislature indicating an intention to narrow or limit the statute’s plain language, this court can find no basis for reading the statute in such a restrictive manner.
Even under Justice Juviler’s approach, the facts of this case provide a far stronger basis for finding venue in New York County based upon the activities of the defendants. The dinner meeting, arranged but not kept on May 2nd, was in a Chinatown restaurant in New York County. It is also highly likely that the driver knew he was making a telephone call to that New York restaurant when he responded to the number on his beeper. Moreover, the phone call was not initiated fortuitously by an agent of the government as in People v R. (supra), but placed by a defendant in the ordinary course of his criminal business. In addition the phone call is not the only nexus between the complainant and defendants and New York County. Rather, Mr. Li’s van business, which was the subject of the extortion, operated between Kings and New York Counties on a regular basis.
Accordingly, the court finds that venue was adequately established before the Grand Jury and that the minutes are legally and factually sufficient.