UNITED STATES of America,
Appellee,

v.

William Saenz DUQUE, aka Willie,
Hector Ruiz, Defendants–
Appellants.

Docket Nos. 03–1735, 04–0262.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2005.

Gail Jacobs, Great Neck, NY, for Defendant–Appellant William Saenz Duque.

B. Alan Seidler, New York, NY, for Defendant–Appellant Hector Ruiz.

Marc L. Mukasey, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Lauren Goldberg, Harry Sandick, Assistant United States Attorneys, of counsel), New York, NY, for Appellee.

PRESENT: MCLAUGHLIN, HALL
and JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

William Saenz Duque and Hector Ruiz appeal from judgments of conviction entered on December 2, 2003 and December 31, 2003, respectively, in the United States District Court for the Southern District of New York (Berman, *J.*) following a jury trial. The jury convicted Duque of one count of conspiring to distribute and possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. § 846 and one count of conspiring to import one kilogram and more of heroin into the United States in violation of 21 U.S.C. § 963. The jury convicted Ruiz of one count of conspiring to distribute and possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. § 846.

On appeal, Duque and Ruiz argue that (1) the district court violated their Sixth Amendment right to confront witnesses against them by admitting a co-conspirator's guilty plea; (2) the evidence presented against them was insufficient to establish either venue or the jury's guilty verdict; (3) various statements by the government during its closing argument violated their right to a fair trial; and (4) the district court violated their Sixth Amendment rights in imposing sentence. In addition, Duque contends the district court erred in enhancing his offense level by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Finally, Ruiz claims he received ineffective assistance of counsel. Familiarity with the facts and proceedings below is assumed. We affirm.

■ Although the admission of the co-conspirator's guilty plea was error in light of the Supreme Court's recent decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), we find that the error was harmless beyond a reasonable doubt in light of the ample additional evidence of guilt presented in this case. *United States v. McClain,* 377 F.3d 219, 222 (2d Cir.2004).

Considering, as we must, the evidence in the light most favorable to the government, *United States v. Espaillet,* 380 F.3d 713, 718 (2d Cir.2004), we conclude there was ample evidence to support the jury's verdict as to both defendants.

■ Duque and Ruiz's challenge to the sufficiency of the evidence regarding venue

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

fails for the same reason. "Venue is proper in any district in which any part of the crime was committed." *United States v. Ramirez–Amaya*, 812 F.2d 813, 816 (2d Cir.1987). In the context of a conspiracy charge, "venue may properly be laid in the district in which the conspiratorial agreement was formed or in any district in which an overt act in furtherance of the conspiracy was committed by any of the coconspirators." *Id.* The government must prove venue by a preponderance of the evidence. *United States v. Smith*, 198 F.3d 377, 382 (2d Cir.1999). Again, we review the evidence in the light most favorable to the government. *United States v. Rosa*, 17 F.3d 1531, 1542 (2d Cir.1994).

Diaz testified that Carvajal called him on his cellular telephone while Diaz was in the Bronx or Westchester in order to plan Diaz's drug-run to Aruba. The government corroborated this testimony in part by offering into evidence Carvajal's cellular telephone records, which reflected calls from Carvajal's cellular telephone to Diaz's cellular telephone between late August and early September of 2002. This evidence alone was sufficient to establish venue. *See United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir.1994).

■ Furthermore, the government presented evidence that Diaz flew from JFK airport to Aruba via a flight path over Jamaica Bay, a body of water in Queens, New York and within the Southern District of New York. 28 U.S.C. § 112(b). This evidence was also sufficient to establish venue in the Southern District of New York. *See Ramirez–Amaya*, 812 F.2d at 816.

■ Also without merit is Duque and Ruiz's contention that the government's rebuttal summation deprived them of a fair trial. The government's comparison of the defendants' case to squid ink and its request that the jury consider the victims of the heroin trade were, at the very most, mildly inappropriate and do not require reversal. *See, e.g., United States v. Millar*, 79 F.3d 338, 343–44 (2d Cir.1996).

■ We further reject Duque's argument that the district court erred by enhancing Duque's offense level by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1. This Court reviews an obstruction of justice enhancement under a "mixed standard of review." *United States v. Khedr*, 343 F.3d 96, 102 (2d Cir. 2003). We will uphold the district court's factual findings unless those findings are clearly erroneous. *Id.* A determination that the established facts amount to obstruction under the Guidelines is a legal determination and is therefore reviewed *de novo* giving due deference to the district court's application of the guidelines to the facts. *Id.*

The district court held that, when the jury found Duque guilty of conspiring to import heroin into the United States, it determined that Duque had testified falsely that he believed the heroin was destined for Holland. When, as in this case, the defendant testifies "to an essential element of the offense, such as his state of mind or his participation in the acts charged in the indictment, the judgment of conviction necessarily constitutes a finding that the contested testimony was false." *United States v. Bonds*, 933 F.2d 152, 155 (2d Cir.1991).

Moreover, the district court did not rely on the jury's verdict alone. Instead, the court specifically recognized that inaccurate testimony "may sometimes result from confusion, mistake or faulty memory," but based in part on "the Court's own assessment of the defendant's credibility and demeanor" concluded that Duque willfully obstructed justice by falsely testifying that he believed the heroin was destined for Holland. We decline to upset the district court's assessment of Duque's credibility.

Finally, because the facts necessary to determine Ruiz's ineffective assistance of counsel claim are not within the trial record, we dismiss that claim without prejudice. Ruiz is free to raise the issue in a timely motion pursuant to 28 U.S.C. § 2255. *See Massaro v. United States,* 538 U.S. 500, 504–06, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Gaskin,* 364 F.3d 438, 467–68 (2d Cir.2004).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**. Without requiring alteration of either sentence, this case is **REMANDED** for reconsideration and further proceedings in light of *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). *See id.* at 119–20.