**UNITED STATES of America,**
**Appellee,**

v.

**William Saenz DUQUE and Hector Ruiz, Defendants–Appellants.**

**Nos. 05–6410–cr(L), 05–6831–cr(CON).**

United States Court of Appeals,
Second Circuit.

June 5, 2007.

Gail Jacobs, Great Neck, NY, for Defendant–Appellant William S. Duque.

B. Alan Seidler, New York, NY, for Defendant–Appellant Hector Ruiz.

William Stellmach, Assistant United States Attorney (Michael J. Garcia, United States Attorney, and Daniel C. Esseks, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, Circuit Judges, Hon. WILLIAM H. PAULEY, III *, District Judge.

## SUMMARY ORDER

Defendants–Appellants William Saenz Duque ("Duque") and Hector Ruiz ("Ruiz") appeal from a final order of the District Court declining to resentence them after a remand from this Court pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). *See United States v. Duque,* 123 Fed.Appx. 447 (2d Cir.2005). Duque was convicted after a jury trial of conspiracy to distribute and possess with the intent to distribute heroin in violation of 21 U.S.C. § 846 and conspiracy to import heroin into the United States in violation of 21 U.S.C. § 963. Ruiz was convicted during the same trial of conspiracy to distribute and possess heroin in violation of 21 U.S.C. § 846. Duque and Ruiz were sentenced to terms of imprisonment of 168 months and 121 months, respectively.

We conclude on the basis of on Judge Berman's explicit, even if not lengthy, reference to the factors set forth in 18 U.S.C. § 3553(a), that the District Court's decision not to resentence defendants was procedurally reasonable. *See United States v. Fleming,* 397 F.3d 95 (2d Cir.2005) ("[N]o specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing"); *see also United States v. Williams,* 475 F.3d 468, 474 (2d Cir.2007) (holding that "we review a sentence for reasonableness even after a District Court declines to resentence pursuant to *Crosby.*").

We also find no merit in defendants' arguments that their sentences were substantively unreasonable. Duque's sentence was reasonable because of his considerable criminal history and because, as we explained in deciding defendants' first appeal, *see Duque,* 123 Fed.Appx. 447, 449 (2d Cir.2005), the District Court properly applied a two-point enhancement for Duque's perjurious testimony at trial. Furthermore, we reject Ruiz's argument that the District Court erred in finding him ineligible for "safety valve" relief from a ten-year mandatory minimum sentence.[1] Because district courts must make their "threshold determination" of whether to resentence a defendant "based on the circumstances at the *time of the original sentence,*" *Crosby,* 397 F.3d at 120 (emphasis added), the District Court properly denied such relief to defendant based on his earlier failure to satisfy the requirements for "safety valve" eligibility.

We have considered all of defendants' arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**

---

* The Honorable William H. Pauley, Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. The requirements for eligibility for "safety valve" relief are set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guidelines § 5C1.2.