12-4188-cr
*United States v. DeLaRosa*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                        Nos. 12-4188-cr

NOEL DELAROSA,

> *Defendant-Appellant*,

JOHN ORLANDO BROOKER, JR., JEREMY D. ZULLO, ZACHARY ADAM GRANT, MICHAEL ROSS ROSS, JR., GRAYTZ MORRISON, AKA SPACE, AKA SPIZZY, DONALD CHRISTOPHER PERKINS, JR., AKA D.P., SHAWN A. FRANCIS, AKA S.O., ALAN HORICK, GREGORY FLAKE, AKA TONE, THOMAS LUZADER, JERIMIAH JOEL DURFEE, AKA J-FRO, LAMAR LARRY JOHNSON, AKA BLUB, WILLIAM COREY WARNER, DANIEL F. WEBSTER, JR., AKA D2, MILES EDWARDS, JULIAN VICTOR DATIL-

RODRIGUEZ, BRIAN KEITH DOMINGO, AKA BRAWLI, AKA GHOST FACE,
LEROY J. RICE, AKA KINFOLK, DANIEL LUGO, AKA FAT ANTHONY, EVELIO BARO,
MOISES ORTIZ, ANTOINE MATHIS,

    *Defendants.*<sup></sup>

FOR NOEL DELAROSA:                          MATTHEW W. BRISSENDEN, Garden City, NY.

FOR APPELLEE:                               CRAIG S. NOLAN, Assistant United States
                                            Attorney (Paul J. Van De Graaf, Assistant
                                            United States Attorney, *on the brief*), *for*
                                            Tristram J. Coffin, United States Attorney,
                                            United States Attorney's Office for the
                                            District of Vermont, Burlington, VT.


        Appeal from a judgment of conviction, entered October 17, 2012, of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

        **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment of the District Court is **AFFIRMED**.

        Noel DeLaRosa ("DeLaRosa") appeals from a judgment of the United States District Court for the District of Vermont, sentencing him principally to 300 months' imprisonment for conspiracy to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.  On appeal, DeLaRosa raises a number of issues relating to the validity of his conviction at trial.  We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

### BACKGROUND

        On June 16, 2009, federal agents arrested narcotics traffickers in Vermont stemming from an investigation into cocaine and firearms trafficking by John Orlando Brooker, Jr. ("Brooker) and his associates in Rutland, Vermont.  Thereafter, the government built a case against DeLaRosa, his cousin Daniel Lugo ("Lugo"), and other Schenectady, New York-based conspirators for their supply of cocaine and marijuana to Brooker.  On June 16, 2010, a grand jury returned a 28-count Third Superseding Indictment (the "Indictment"), which, *inter alia*, charged DeLaRosa with conspiring with Brooker, 22 others named in the indictment, and "others known and unknown" to distribute five kilograms or more of cocaine "in the District of Vermont and elsewhere" from early 2006 to "on or about June 16, 2009," in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B).

---

        * The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

DeLaRosa proceeded to trial. On May 17, 2011, after ten days of evidence, the jury found DeLaRosa guilty of the conspiracy charged in count one.[1] Because, subsequent to trial, DeLaRosa's relationship with his attorney had substantially deteriorated, the District Court granted DeLaRosa's motion to have new counsel appointed. The new attorney filed a motion for a judgment of acquittal, and for a new trial based upon claims of ineffective assistance of counsel and newly discovered evidence. The District Court denied the motions and sentenced DeLaRosa to 300 months' incarceration. This appeal followed.

## DISCUSSION

## I

The first issue on appeal is whether the District Court erred in admitting evidence of so-called "other bad acts." *See* Fed. R. Evid. 404(b)(1). DeLaRosa contends that the charged conspiracy—the object of which was supplying Brooker's Vermont-based operations—terminated upon Brooker's arrest on June 16, 2009. Accordingly, DeLaRosa argues, the Court erred in permitting evidence at trial of drug trafficking in Arizona postdating June 16, 2009.

A single conspiracy exists where the government has shown "that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." *United States v. Martino*, 664 F.2d 860, 876 (2d Cir. 1981). We traditionally examine several factors to determine when a single conspiracy exists, including the overriding goal of the conspiracy; the core group who led the conspiracy; if the individual operations shared common participants; if the individual schemes were independent; and if the participants used distinctive means and methods common among the individual operations. *United States v. Berger*, 224 F.3d 107, 115 (2d Cir. 2000). In addition, "shifting emphases in the locales of operations [do not] necessarily convert a single conspiracy into multiple conspiracies," and "a single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it may involve two or more phases or spheres of operation." *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990).

In this case, the District Court could properly held that operations in Schenectady were led by a core group of participants (with DeLaRosa as the main supplier) and constituted a "collective venture directed toward a common goal"—namely, the acquisition of narcotics from distributors in New York, Florida, and Arizona and their delivery in wholesale and retail quantities to customers in Vermont, New York, and Massachusetts. Trial testimony established that one of DeLaRosa's many underlings would travel to either New York, Florida, or Arizona to purchase, or attempt to purchase, the narcotics, transport them to DeLaRosa's operations in Schenectady, where they would be reprocessed, and then delivered by DeLaRosa's couriers primarily to Brooker, but also to other customers. The conspiracy did not terminate once operations began to shift away from Vermont because one customer—albeit DeLaRosa's largest customer, Brooker—had been arrested. *See United*

---

[1] The only other count under which DeLarosa was charged was count 24, which sought forfeiture of the illegal drug proceeds of the conspiracy charged in count 1.

3

*States v. Sir Kue Chin*, 534 F.2d 1032, 1035 (2d Cir. 1976) ("[T]here is no more reason to say that a supplier of narcotics is necessarily engaged in two conspiracies because he has two sources of supply than there would be because he had two purchasers."). Accordingly, evidence of trafficking narcotics from Arizona into Massachusetts was not evidence of prior bad acts (which arguably was excludable from evidence), but rather, direct evidence of the single drug-trafficking conspiracy orchestrated by DeLaRosa.[2]

In the alternative, DeLaRosa argues that the admission of evidence of trafficking in Arizona postdating July16, 2009 amounts to a constructive amendment of the Indictment or, alternatively, created a prejudicial variance between the Indictment and the proof adduced at trial. An indictment has been constructively amended "[w]hen the trial evidence or the jury charge operates to broaden[ ] the possible bases for conviction from that which appeared in the indictment," and "[a] variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Rigas*, 490 F.3d 208, 225-26 (2d Cir. 2007) (internal quotations omitted).

The Indictment here averred that the conspiracy occurred "in the District of Vermont *and elsewhere*" from early 2006 to "*on or about* June 16, 2009." Accordingly, evidence that DeLaRosa's organization unlawfully distributed narcotics after Brooker's arrest in states other than Vermont is encompassed by the plain terms of the Indictment. *See, e.g.*, *United States v. McGee*, 564 F.3d 136, 142 (2d Cir. 2009) ("Where an indictment charges an offense using the 'on or about' formulation to allege the date, the government is not required to prove that the crime occurred on exactly the date named, but only that it occurred on a date that is 'reasonably near' to the date stated."); *United States v. Williams*, 612 F.3d 417, 424 (6th Cir. 2010) (no fatal variance where indictment alleged conspiracy to distribute drugs "in the Western District of Michigan, and elsewhere" because, "at trial, the government proved just that: [defendant] conspired to distribute cocaine 'in the Western District of Michigan' (Lansing), 'and elsewhere' (Detroit)").

## II

We turn next to DeLaRosa's claims of ineffective assistance of counsel. DeLaRosa first argues that his counsel should have objected to his brief presentation in court in shackles in the presence of the jury panel during jury selection. However, "an inadvertent view by jurors of defendants in handcuffs, without more, is not so inherently prejudicial as to require a mistrial." *United States v. Taylor*, 562 F.2d 1345, 1359 (2d Cir. 1977); s*ee also Ghent v. Woodford*, 279 F.3d 1121, 1133 (9th Cir. 2002) ("brief or inadvertent" view of defendant in shackles by jury insufficient to establish actual prejudice). Moreover, co-defendant Lugo moved for a mistrial based on the

---

[2] Assuming *arguendo* that the District Court erred in admitting evidence postdating the charged conspiracy, that error was harmless in light of the overwhelming evidence of DeLaRosa's guilt. *See United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) ("An evidentiary error not affecting substantial rights is harmless if [this Court] can conclude with fair assurance that the jury's judgment was not substantially swayed by the error." (internal quotations omitted)).

incident, which the District Court denied, so any motion by DeLaRosa's original trial counsel would have been cumulative and unnecessary.

DeLaRosa also argues that his counsel failed to cross-examine witnesses aggressively and present favorable arguments on his behalf. After a review of the record, however, we conclude DeLaRosa's counsel's decisions concerning these matters were neither deficient nor prejudicial.

Lastly, DeLaRosa claims his counsel was ineffective for failing to challenge venue in Vermont. Rule 18 provides that "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. As the crime of conspiracy is a "continuing offense," it may be prosecuted in any district in which it was "begun, continued, or completed." 18 U.S.C. § 3237(a). Accordingly, venue in a conspiracy prosecution is proper "in any district in which an overt act in furtherance of the conspiracy was committed by any of the coconspirators." *United States v. Rosa*, 17 F.3d 1531, 1541 (2d Cir. 1994). A defendant "need not have been present in the district" to be prosecuted there on a conspiracy charge, *United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994), or "have actual knowledge that an overt act will occur in a particular district to support venue at that location," *United States v. Rommy*, 506 F.3d 108, 123 (2d Cir. 2007).

In this case, several co-conspirators testified about numerous Vermont connections, including the frequent deliveries of cocaine from New York to Vermont and subsequent distribution in Vermont. Accordingly, the requirements of venue are satisfied.[3]

### III

DeLaRosa argues next that the government knew or should have known that several witnesses had committed perjury either at trial or before the grand jury. To secure a new trial on such grounds, a defendant must show, *inter alia*, that the witness actually committed perjury, *United States v. Josephberg*, 562 F.3d 478, 494 (2d Cir. 2009), defined as "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). A review of the record reveals no evidence of perjury inasmuch as the testimony at issue was either immaterial, the result of faulty memory, subject to extensive cross examination, or true.

---

[3] DeLaRosa also argues that his trial counsel elicited harmful and otherwise inadmissible evidence about DeLaRosa's prior federal conviction in the Northern District of New York for narcotics sales, and his subsequent status as a cooperating witness at the time of the alleged offense. As this issue was not raised in DeLaRosa's post-trial submission to the District Court, and it was only touched upon briefly in the post-trial proceedings, we refrain from deciding this issue on direct review. *See United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010) ("When ineffective assistance of counsel is first raised in a court of appeals on direct review of a conviction, it is often preferable for the court to decline to consider the claim, awaiting its presentation in a collateral proceeding."). DeLaRosa may pursue this argument in a subsequent § 2255 petition, however. *See Mui v. United States*, 614 F.3d 50, 57 (2d Cir. 2010) (defendant who raised on direct appeal ineffective assistance of counsel claims was not precluded from raising new ineffective assistance claims in a subsequent § 2255 petition). The other arguments of ineffectiveness of counsel are, of course, resolved by this order.

**IV**

Finally, DeLaRosa argues on appeal that his right to a jury trial was violated because he was subjected to a mandatory minimum enhancement based on the District Court's finding that he had been previously convicted of a prior drug felony. DeLaRosa relies on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that a fact that increases a mandatory minimum sentence, such as drug quantity, must be found by a jury. *See id.* at 2155. In *Alleyne*, however, the Supreme Court explicitly acknowledged that it was not revisiting *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that a sentencing court may rely upon the fact of a prior conviction without a jury finding in order to expose a defendant to greater punishment. *See Alleyne*, 133 S. Ct. at 2160 n.1. Accordingly, *Almendarez-Torres* is still binding on this Court, and this final claim on appeal must be rejected.

**CONCLUSION**

We have considered all of the arguments raised by DeLaRosa on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's October 17, 2012 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk