## UNITED STATES v. DAVID.
### No. 7007.

Circuit Court of Appeals, Seventh Circuit.
Nov. 15, 1939.

---

Alfred E. Roth, of Chicago, Ill., for appellant.

William J. Campbell, U. S. Atty., Martin Ward, Asst. U. S. Atty., and Elbert H. Loyd and Joseph H. Collier, Attys. United States Treasury Department, and A. Bradley Eben, all of Chicago, Ill., for plaintiff-appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellant appeals from a judgment upon a finding that he was guilty as charged in an indictment containing nine counts. It charged unlawful possession of a still for distilling alcohol, defrauding the United States of tax, carrying on the business of wholesale liquor dealer, operating a distillery without a sign, and without a bond, fermenting mash, concealing goods and commodities, possessing distilled spirits in unstamped containers, and conspiracy to commit the various offenses enumerated.[1] The indictment also named five other defendants, one of whom was never apprehended. Two pleaded guilty. Appellant and the other two defendants who stood trial waived jury, and upon completion of the hearing by the court, one defendant, Clement, was discharged on the motion of the United States Attorney who stated that the evidence in the case was insufficient to warrant his asking the court to find him guilty. Appellant and the one remaining defendant were found guilty as charged in the indictment, and appellant was sentenced to imprisonment for one year and a day.

As grounds for his appeal, appellant asserts that the evidence failed to establish his guilt beyond a reasonable doubt; that the court erred in denying his motion for discharge at the close of all the evidence; that the court erred in overruling his petition to suppress evidence; and that the court erred in the admission, over his objection, of evidence secured as the result of an unlawful search and seizure.

Prior to the hearing of the cause, appellant introduced evidence in support of his petition to suppress evidence. This petition and evidence established the following facts. A search warrant was executed at 5 o'clock in the morning of October 22, 1938, on a farm near 143rd Street and La-

---

[1] Violations of sections 1162, 1155(f), 1397(a) (1), 1182, 1184, 1185, 1441 of Title 26, U.S.C., 26 U.S.C.A. §§ 1162, 1155 (f), 1397(a) (1), 1182, 1184, 1185, 1441, and section 201 of the Liquor Taxing Act of 1934, 26 U.S.C.A. § 1152a,, and section 88, Title 18, U.S.C., 18 U.S.C.A. § 88.

mont Road, in Will County, Illinois. There a large distillery was found in a barn and seized. About two hours later, at 7 A. M. appellant and Clement were seen approaching the premises but still on the adjoining farm where they had left the car in which they had driven out. Both had packages under their arms which later proved to contain lunches. The investigator who saw them first, and nearest the raided premises, testified that when he first observed them they were west of the building in which the still had been seized, a distance of approximately 300 feet, but on the adjoining farm, with a ravine and a fence between them and the raided premises. When he started to go toward them, they turned and started to walk away from the direction where he was, stooped and tried to get out of sight, and then ran. The investigator ordered two other agents to take their car and drive around to head off appellant and his companion who were trying to escape. Another agent captured appellant and searched his person, finding a small black memorandum book which he took into custody. This little black book is the principal item sought to be suppressed by appellant's petition. Upon the concession that there had been a still on the premises, and that a warrant had been executed, the court overruled and denied the petition to suppress evidence. We think there was no error in this ruling. The fact of their close proximity to the raided premises at an early morning hour, and their approach toward the barn where the still was located, coupled with the fact of their attempt to escape notice by the officers and to flee from them justified the officers' suspicions that they were parties to the felony for which a search warrant had just been executed, and furnished probable cause for their detention and search. Evidence taken from appellant during that search was, therefore, admissible against him.

The little black book taken from appellant contained a number of items relating to sugar, yeast, labor, coal, gas, and what were apparently abbreviations of some of these words, "sug, yes, lab." It also contained, in Italian, what was translated as "in coal," "cans or containers, 270, all paid for." One "sug" item appears at five places with the figures, 963.50. Other items are listed opposite the names "Orl, Pet, Joe, Rich, Wal, Tor, Mike, Walter," together with items "Elect(ricity?), Rent."

It was stipulated by the parties that upon the execution of the search warrant a large still was found in full operation, 77 five-gallon cans full of alcohol, 10 gallons of alcohol in the receiving tank, 3,000 gallons of yeast and cane sugar mash, together with a steam boiler, condenser, four wooden fermenters, a deep well pump, water pump, mash pump, three electric motors, and 75 empty five-gallon cans. It was also stipulated that the alcohol found on the premises was distilled spirits on which no tax had been paid, and that the still found there was not registered as required by law, and that the purpose of the still was to distill alcohol.

In addition to the Government agents who described the circumstances surrounding appellant's arrest, the Government also relied upon the following witnesses:

1. A meter reader for the Public Service Company who said that he had seen appellant about the middle of October at the farm where the still was located, when he went to read the electric meter. Although he did not know his name, he pointed out appellant as the man he had seen.

2. An investigator for the Government who testified that he had seen the 1934 Chevrolet sedan in a field adjoining the farm where the still was located, and about a block from the barn, and he had seen the same automobile several times in December 1937, and January 1938, at the home of appellant, in Dolton.

3. A State highway repairman who testified that he had seen appellant, whose name he did not know, but whom he pointed out in court, frequently driving along the highway in the vicinity of the raided premises.

One of the Government agents testified that the defendant who escaped was one Orland David, and that he had identified him from a photograph. Another witness identified a photograph of Orland David, and stated that he was a minor son of appellant, seventeen or eighteen years old.

The Government also called as a witness one Mrs. Slachetka, the owner of the farm adjoining the one where the still was located, and on which appellant had been apprehended the morning of the raid. She had previously signed a statement which tended to connect appellant directly with the operation of the still. However, when she was called upon as a witness, she completely repudiated the signed statement, stating that it contained assertions which she had not made, and that her signature had been forced from her by threats that

522

unless she signed, her farm would be taken away from her. According to her testimony on the stand, the only dealings she had ever had with appellant had occurred when he asked her permission to pick mushrooms on her farm. Upon a reading of her signed statement so that she could answer the question: "Does that refresh your recollection of what the man said to you before you put your signature to this document," appellant's counsel objected to the question, and moved that the statement be stricken from the record. The court thereupon sustained the objection but did not strike the statement. When counsel for the Government objected to the sustaining of the objection he was informed by the court that he had gone pretty far with the witness who was, after all, called by himself.

Appellant assigns as error the refusal of the court to strike from the record the question propounded to Mrs. Slachetka, including the statement read to refresh her memory. We find no error as to this. It must be remembered that the case was tried to the court without a jury, and it must, of course, be assumed that the court considered only the evidence properly admitted and admissible. The objection to the question based on the statement was sustained, thus showing clearly that the court did not consider it proper. We are of opinion that nothing further was necessary.

■ The only question, then, is, whether or not there was sufficient evidence in the record to sustain the conviction. We think this question must be answered affirmatively. The unexplained facts of his approach at an early morning hour with a package of lunch under his arm, toward the premises where a large still had been seized in full operation a short time before, his attempt at concealment and flight when he saw strangers on the premises, his possession of a memorandum book with entries obviously applicable to the operation of such a business as was found in operation, his being seen at another time actually on the premises, and at other times going to and from the vicinity of the still, and the flight and escape of his minor son from the barn where the still was located, at the time two of the defendants were arrested, all taken together constitute sufficient evidence to justify a finding of guilty as charged in the indictment.

Judgment affirmed.