UNITED STATES of America, Plaintiff,

v.

Marvin OSTER, Defendant.

Crim. No. 83–A0006–01.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Feb. 15, 1984.

S. Benjamin Bryant, Asst. U.S. Atty., Huntington, W.V., for plaintiff.

Charles Kincaid, Huntington, W.V., Arnold D. Levine, Tampa, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

On December 9, 1983, a grand jury returned the within four-count indictment against the Defendant, Marvin Oster, wherein Count One alleges that during approximately the first part of May, 1981, in the Southern District of West Virginia and elsewhere, the Defendant, Marvin Oster, did knowingly and unlawfully conspire with others to commit those offenses against the United States which are alleged in Counts Two through Four of the within indictment, in violation of 18 U.S.C. § 371. Counts Two through Four allege that on or about May 3, 1981, Oster violated, and aided and abetted and caused others to violate, 18 U.S.C. §§ 659,[1] 2314[2] and 2315,[3] respectively, as well as 18 U.S.C. § 2, within the Southern District of West Virginia. Currently pending before the Court are the Defendant's motions (1) to dismiss the indictment for improper venue or, alternatively, to transfer this action to the Middle District of Florida, pursuant to *Rule* 21(b), Federal Rules of Criminal Procedure, and, in the further alternative, (2) to transfer this action from the Parkersburg Division to the Huntington Division of this Court. For the reasons set out below, the Court hereby denies the aforementioned motions.

## I. *Venue*[4]

■ Oster asserts that he may not be prosecuted in this district, inasmuch as his

---

1. 18 U.S.C. § 659 provides in pertinent part as follows:

   "Whoever embezzles, steals, or unlawfully takes or carries away, ... with intent to convert to his own use any goods or chattels [with a value in excess of $100] moving as or which are a part of or which constitute an interstate ... shipment of freight, express, or other property [shall be guilty of an offense against the United States].

   The offense shall be deemed to have been committed not only in the district where the violation first occurred, but also in any district in which the Defendant may have taken or been in possession of the ... chattels."

2. 18 U.S.C. § 2314 provides in pertinent part as follows:

   "Whoever transports in interstate ... commerce any goods, wares [or] merchandise ... of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud [shall be guilty of an offense against the United States]."

3. 18 U.S.C. § 2315 provides in pertinent part as follows:

   "Whoever receives, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise ... of the value of $5,000 or more ..., moving as, or which are a part of, or which constitute interstate ... commerce, knowing the same to have been stolen, unlawfully converted or taken [shall be guilty of an offense against the United States]."

4. "Venue in a federal criminal case is an issue of constitutional dimension: Article III guarantees a federal defendant a trial 'in the State where the said Crimes shall have been committed' and the sixth amendment provides him with a 'jury of the State and district wherein the crime shall have been committed.' These fundamental guarantees have been implemented by Federal Rule of Criminal Procedure 18 which provides that '[e]xcept as otherwise permitted by statute or these rules, the prosecution shall be had in a district in which the offense was committed.'"

joinder in the alleged conspiracy and substantive violations occurred, if at all, after the venue-setting acts transpired or were engaged in by his co-conspirators. In support of this proposition, the Defendant relies upon *U.S. v. Peraino*, 645 F.2d 548 (6th Cir.1981) *cert. denied*, 454 U.S. 1046, 102 S.Ct. 586, 70 L.Ed.2d 488 (1982). In *Peraino*, the Sixth Circuit reversed the convictions of two defendants on charges of conspiring to violate the federal obscenity laws and of transporting an obscene film in interstate commerce where "[t]here was no evidence linking ... [them] with any of the co-conspirators or with the film itself until at least eight months after the" venue-setting act. *Id.* at 549. In the case at bar, however, the Government contends that its "evidence will prove ... [that] Oster's role in the [alleged] conspiracy and substantive violations consistent of agreeing to purchase the stolen aluminum ingots prior to their transportation from the Southern District of West Virginia, and possibly prior to the actual theft of the ingots from interstate shipment." The Court finds, therefore, that Oster's reliance on *Peraino* is misplaced.

At this stage of the proceedings, therefore, the Court concludes that venue would appear to be proper in the Southern District of West Virginia over both the conspiracy [5] and substantive [6] charges contained against Oster in the within indictment. Accordingly, the Court hereby denies Oster's motion to dismiss the within indictment for improper venue.

*U.S. v. Billups*, 692 F.2d 320, 332 (4th Cir.1982) *review denied*, —— U.S. ——, 104 S.Ct. 84, 78 L.Ed.2d 93 (1983).

**5.** "Where a conspiracy is comprised of many transactions in various districts, venue as to all conspirators is proper in any district in which any act in furtherance of the conspiracy was committed by any of the conspirators." *U.S. v. Anderson*, 611 F.2d 504, 509 n. 5 (4th Cir.1979). *Accord, U.S. v. Snead*, 527 F.2d 590 (4th Cir.1975) *(per curiam)*, citing *Hyde v. U.S.*, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912).

**6.** Venue is proper in this district over the substantive counts of the within indictment, pursuant to 18 U.S.C. § 3237(a) which provides in pertinent part as follows:

## II. *Rule 21(b) Transfer*

Oster further moves the Court to transfer the within indictment to the Middle District of Florida, pursuant to *Rule* 21(b), Federal Rules of Criminal Procedure, which provides that:

"For the convenience of the parties and witnesses, and in the interest of justice, the Court upon motion of the defendant may transfer the proceedings as to him or any one of the counts thereof to another district."

█ In ruling on the Defendant's motion, the Court must weigh the following factors:

"(1) location of ... [the] defendant;

(2) location of possible witnesses;

(3) location of events likely to be in issue;

(4) location of documents and records likely to be involved;

(5) disruption of ... [Defendant's] business unless the case is transferred;

(6) expense of the parties;

(7) location of counsel;

(8) relative accessibility of place of trial;

(9) docket condition of each district ... involved; and

(10) any other special elements which might affect a transfer."

*Platt v. Minnesota Mining and Manufacturing Co.*, 376 U.S. 240, 243–44, 84 S.Ct. 769, 771, 11 L.Ed.2d 674 (1964). "[T]o warrant a transfer the defendant must demon-

"Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

Any offense involving ... transportation in interstate ... commerce, is a continuing offense and, except as otherwise provided by enactment of Congress, may be inquired of and prosecuted in any district from, through or into which such commerce ... moves."

*See also, U.S. v. Hankish*, 502 F.2d 71 (4th Cir. 1974) (holding that the offense proscribed by 18 U.S.C. § 659 [Count Two] is *not* exempted from the venue provisions of 18 U.S.C. § 3237(a)).

strate and the Court must be satisfied that the prosecution in the district where the indictment was properly [7] returned will result in a substantial balance of inconvenience to ... [the Defendant]." *U.S. v. Baltimore and Ohio Railroad Co.*, 538 F.Supp. 200, 205 (D.D.C.1982), *quoting U.S. v. Jones*, 43 F.R.D. 511, 514 (D.D.C. 1967).

### A. *Location of the Defendant*

The Defendant, Marvin Oster, resides within the Middle District of Florida—a factor favoring transfer to that district. *See e.g., U.S. v. Atwood*, 538 F.Supp. 1206, 1207 (E.D.Pa.1982).

### B. *Location of Potential Witnesses*

In support of his motion for a transfer, Oster maintains that practically all of the witnesses which he will call to testify at the trial of this action reside in the Middle District of Florida. Included among these defense witnesses are: various employees of Oster's employer, Sol Walker & Company, Inc., which is the corporate entity which purchased the aluminum ingots from one of Oster's unindicted co-conspirators, William Smith; various bank employees who will testify as to bank records pertaining to both payments which Sol Walker & Company, Inc. made to Smith for the ingots and other transactions between them; as well as several good character witnesses. The Government has indicated, however, that a majority of its witnesses either reside in this district, or far closer to this district than they do to the Middle District of Florida. The Court finds, therefore, that this factor neither militates for, nor against the transfer of this action.[8]

### C. *Location of Events in Issue*

The Government maintains that its evidence will establish that the aluminum ingots, which were in transit from Ravens-

wood, West Virginia, to Scottsboro, Alabama, were stolen in Mason County, West Virginia, and were taken initially to Proctorville, Ohio, from which they were subsequently transported through the Southern District of West Virginia en route to Tampa, Florida, where they were sold to Oster, who was acting on behalf of Sol Walker & Company, Inc. On the basis of this proffer, the Court finds that this factor is neutral with respect to the Defendant's *Rule* 21(b) motion.

### D. *Location of Documents*

The majority of documents which the Defendant intends to introduce into evidence for the jury's consideration are located outside of this district. The Government, on the other hand, has indicated that it will be introducing into evidence documents which are in the custody of the Kaiser Aluminum Company at Ravenswood, West Virginia. Given the modern means of rapid transportation which are available to both the Government and the Defendant, the Court finds that this factor is of little concern. *See U.S. v. Posner*, 549 F.Supp. 475, 478 (S.D.N.Y.1982); *U.S. v. Clark*, 360 F.Supp. 936, 943–44 (S.D.N.Y.) *mandamus denied sub nom. U.S. v. Griesa*, 481 F.2d 276 (2d Cir.1973).

### E. *Disruption of Defendant's Business*

The Defendant has not alleged that he owns an interest in Sol Walker & Company, Inc. Rather, the Defendant has only alleged that he is an employee of that company. Inasmuch as the Defendant will be unavailable to his employer during working trial hours and presumably will be assisting counsel during the evening hours, regardless of where the trial of this action occurs, the Court finds that this factor is neutral with respect to the Defendant's *Rule* 21(b) motion.[9]

---

**7.** *See* Part I, *supra.*

**8.** In making this finding, the Court has not underestimated the importance of the Defendant's character witnesses, given Justice Murphy's concurring opinion in *U.S. v. Johnson*, 323

U.S. 273, 279, 65 S.Ct. 249, 252, 89 L.Ed. 236 (1944).

**9.** In making this finding, the Court has discounted the Defendant's contentions that a West Virginia trial would also disrupt the business

## F. *Expense to the Parties*

Inasmuch as neither the Government, nor the Defendant has addressed this factor in anything other than speculative and conclusory terms, the Court has assigned no weight to this factor. *Cf., U.S. v. Posner*, 549 F.Supp. 475, 478–79 (S.D.N.Y. 1982).

## G. *Location of Counsel*

The Defendant has retained the services of a Tampa, Florida, attorney. The Assistant United States Attorney who is representing the Government in this action, and who would likely represent the Government even if this action were transferred to the Middle District of Florida, resides in Huntington, West Virginia. Accordingly, the Court finds that this factor is neutral with respect to the Defendant's *Rule* 21(b) motion.

## H. *Relative Accessibility of Place of Trial*

Mindful of the location of the witnesses and counsel, Part II B and G, *supra*, the Court finds that this factor is neutral with respect to the Defendant's *Rule* 21(b) motion. In doing so, the Court would note that Parkersburg has adequate flight service to accommodate that portion of the witnesses who would have to travel by air regardless of whether the trial of this action takes place in Parkersburg or Tampa.

## I. *Docket Condition of Each District*

■ Since the enactment of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, the Court perceives that this is no longer an appropriate factor for consideration in a

activities of other employees of Sol Walker & Company, Inc., who will be called to testify at the trial of this action. The Court has already weighed this concern, to the extent that it perceives it to be a legitimate factor in its analysis, in Part II B, *supra*.

10. "[A] division of a federal judicial district is no longer a unit of venue in criminal cases.... In addition, a division has no constitutional significance...."

*Rule* 21(b) analysis. *See U.S. v. Bein*, 539 F.Supp. 72, 75–76 (N.D.Ill.1982).

## J. *Special Elements Affecting a Transfer*

Neither the Defendant, nor the Government have raised any *"other* special elements" which merit discussion.

■ After having weighed all of the factors enumerated above, the Court finds that the Defendant has *not* demonstrated that the further prosecution of the within indictment in this district would "result in a substantial balance of inconvenience" to the Defendant. Accordingly, the Court hereby denies the Defendant's motion for a transfer of this action to the Middle District of Florida, pursuant to *Rule* 21(b), Federal Rules of Criminal Procedure.

## III. *Intra-District Transfer* [10]

■ In considering the Defendant's motion that the Court transfer this action from the Parkersburg Division to the Huntington Division, the Court is mindful that under *Rule* 18, Federal Rules of Criminal Procedure, "the fixing of the place of trial within a district is within the discretion of the trial judge but that in the exercise of that discretion he is to give due regard to (1) the convenience of the defendant, (2) to the convenience of witnesses, and (3) to the prompt administration of justice." *U.S. v. Burns*, 662 F.2d 1378, 1382 (11th Cir.1981). Mindful of these factors, as well as the fact that the Defendant is accused of having violated 18 U.S.C. §§ 371, 659, 2314 and 2315, as well as 18 U.S.C. § 2, in the Parkersburg Division of the Southern District of West Virginia,[11] *U.S. v. Florence*, 456 F.2d 46 (4th Cir.1972), the Court hereby denies the aforementioned motion.[12]

*U.S. v. Burns*, 662 F.2d 1378, 1382 (11th Cir. 1981).

11. *See Rule* 1.02(b), as amended, Local Rule of the United States District Court for the Southern District of West Virginia.

12. In doing so, the Court would note that several of the allegations advanced by the Defendant in support of his intradistrict transfer motion would appear to be in conflict with some of the

representations which he made in support of his *Rule* 21(b) transfer motion.