**UNITED STATES of America**

v.

**Patricia DONATO, Charles D. Fraser, Defendants.**

**Crim. A. No. 94-00013-C.**

United States District Court, W.D. Virginia, Charlottesville Division.

Oct. 27, 1994.

J. Roger Williams, Jr., Williams & Connolly, Washington, DC, for Patricia M. Donato.

Brian Patrick Hanchey, Tate & Bywater, Manassas, VA, for Charles David Fraser.

Raymond B. Fitzgerald, Jr., U.S. Attorney's Office, Roanoke, VA, for U.S.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter comes before the court upon Defendant Donato's motion to dismiss the superseding indictment in this case, which motion is joined by Defendant Fraser. The court heard oral argument from Defendant Donato and the Government on October 12, 1994, and has considered the briefs submitted by the parties. For the reasons stated herein, the court must dismiss counts two and three of the indictment, charging the Defendants with mail and wire fraud, for failure to allege facts showing that the Western District of Virginia is the proper venue for the prosecution of those actions. Venue lies in this district under the conspiracy charged in count one, but the court will transfer this count to the United States District Court for the District of Columbia so that all related offenses may be tried together if the Defendants are reindicted in that district for the offenses alleged in counts two and three.

### I. Background

On June 7, 1994, Defendant Donato filed a motion to dismiss the original indictment in this case charging her and Defendant Fraser with mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. Defendant Donato argued that the Government failed to allege that she mailed any object or made any communication from, to, or through the Western District of Virginia in furtherance of a scheme to defraud, and accordingly that this district was not the proper venue for bringing the charges in the indictment. Additionally, Defendant Donato argued that the indictment should be dismissed as duplicitous.

The Government filed a superseding indictment on July 13, 1994, separating the mail and wire fraud allegations into two counts and adding conspiracy to commit mail and wire fraud as an additional count. On September 6, 1994, Defendant Donato renewed her objections in a motion to dismiss the superseding indictment. As to the conspiracy count, Defendant Donato argued that it should be dismissed for lack of venue and for failure to allege an overt act in furtherance of the conspiracy, as required under 18 U.S.C. § 371.

The superseding indictment charges the Defendants with concocting a scheme to defraud Defendant Donato's Texas-based insurance company. The Defendants allegedly agreed that Defendant Donato would leave her leased Nissan automobile in a parking lot, Defendant Fraser would "steal" the car and sell it, and then Defendant Donato would report the car as stolen to the police and to her insurance company. Defendant Fraser allegedly took the car from a parking lot in Washington, D.C., and then sold it to an undercover officer in Northern Virginia. Fraser had previously contacted an associate in the Western District of Virginia to arrange a buyer, according to the indictment. The associate turned out to be an F.B.I. informant and set up Defendant Fraser to sell the car to the police. Pursuant to the scheme alleged in the superseding indictment, Defendant Donato falsely reported the car as stolen and then reported the loss to her insurance company in Texas.

Of significance in resolving the venue question is the fact that there are no allegations in the indictment that any mailings or interstate wire communications were made to, through, or from the Western District of Virginia. The allegedly fraudulent mailings and interstate wire communications include Defendant Donato's false claims reported to her insurance company in Texas by mail and wire and the claims checks mailed from Defendant Donato's insurance company to Defendant Donato, who lives in Washington, D.C. The only act touching this district is the telephone contact between Defendant Fraser and his Western District of Virginia associate, and the actions committed by the associate in this district in furtherance of the Defendants' scheme.

## II. Conspiracy

### A. Venue

■ Venue in conspiracy cases exists in every place where co-conspirators plan, agree, or commit overt acts in furtherance of the conspiracy. *Hyde v. United States*, 225 U.S. 347, 363, 32 S.Ct. 793, 800, 56 L.Ed. 1114 (1912); *United States v. Anderson*, 611 F.2d 504, 511–12 n. 5 (4th Cir.1979). Conspiracy is a continuing offense, *Hyde*, 225 U.S. at 363, 32 S.Ct. at 800, and carries "to the whole area of its operations the guilt of its conception," *id.* Under the federal venue statute, a continuing offense may be prosecuted "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); *see also United States v. Barfield*, 969 F.2d 1554, 1557 (4th Cir.1991) (jurisdiction over prosecution of continuing offense lies in any district in which any portion of offense occurred). The reasonably foreseeable actions of every co-conspirator are imputable to all other members of the conspiracy, *Pinkerton v. United States*, 328 U.S. 640, 647, 66 S.Ct. 1180, 1184, 90 L.Ed. 1489 (1946), and the actions of any co-conspirator will establish the basis for venue over all others; *Hyde*, 225 U.S. at 363, 32 S.Ct. at 800; *Anderson*, 611 F.2d at 511–12 n. 5.

■ The indictment alleges that Defendant Fraser made a telephone call to the F.B.I. informant in this district in the effort to set up a buyer for the Nissan. By reaching into this district in the attempt to recruit a co-conspirator, Defendant Fraser established the basis for venue here. It is well-established that "phone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy." *United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 1862, 128 L.Ed.2d 484 (1994); *accord United States v. Stewart*, 878 F.2d 256, 258 (8th Cir.1989); *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir.), *cert. denied*, 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982); *United States v. Strickland*, 493 F.2d 182, 187 (5th Cir.) (citing cases), *cert. dismissed*, 419 U.S. 801, 95 S.Ct. 9, 42 L.Ed.2d 32 (1974). The phone calls need not be made to a co-conspirator; they simply must further the goals of the conspiracy. *Naranjo*, 14 F.3d at 147; *Lewis*, 676 F.2d at 511.

There is no evidence that the Government induced Defendant Fraser to attempt to enlist the services of the F.B.I. informant. The Government " 'did not orchestrate the phone call in order to lay the groundwork for venue.' " *Naranjo*, 14 F.3d at 147 (quoting *Lewis*, 676 F.2d at 511 n. 3). The indictment alleges that Defendant Fraser unwittingly sought the assistance of the Western District of Virginia informant who set him up for arrest. As a consequence, venue exists in this district to prosecute the conspiracy action against both of the Defendants.

### B. Overt Acts

■ As an alternative ground for dismissing the conspiracy charge, the Defendants argue that count one of the superseding indictment fails to allege that any of the acts of the Defendants were committed in furtherance of the conspiracy. While it is true that the count does not specify a list of "overt acts," the acts listed thereunder are satisfactory to charge an offense under 18 U.S.C. § 371.

In the first paragraph of count one, the indictment charges that, at a date unknown to the Grand Jury, the Defendants agreed to commit mail and wire fraud. Five of the remaining eight paragraphs begin with the phrase "[i]t was part of the scheme that," followed by certain actions taken by the Defendants. This language is sufficient to satisfy the court that the Grand Jury made the finding that these acts were related to a "scheme," and that the scheme referred to under count one is the conspiracy to commit mail and wire fraud. Moreover, these paragraphs are sufficient to put the Defendants on notice of the acts that the Government intends to prove under count one. Accordingly, the court denies the Defendants' motion to dismiss on this basis.

### III. Mail and Wire Fraud—Venue

■ Although this district is the proper venue for the conspiracy charge, the court must make a separate inquiry into whether venue is proper under the substantive of-

fenses of mail and wire fraud. *United States v. Corona*, 34 F.3d 876, 878 (9th Cir.1994) (citing *United States v. Walden*, 464 F.2d 1015, 1016 (4th Cir.), *cert. denied*, 409 U.S. 867, 93 S.Ct. 165, 34 L.Ed.2d 116 (1972), *and cert. denied*, 410 U.S. 969, 93 S.Ct. 1436, 35 L.Ed.2d 705 (1972)). This is so even if the substantive crimes were allegedly committed in furtherance of the conspiracy. *Corona, supra.*

■ Where Congress fails to explicitly define venue under a criminal statute, " 'the locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it.' " *Travis v. United States*, 364 U.S. 631, 634, 81 S.Ct. 358, 360, 5 L.Ed.2d 340 (1961) (citations omitted). The court must look to the language of the statute defining the crime, for the "essential verb [that] usually contains the key to the solution of the question: In what district was the crime committed?" *Walden*, 464 F.2d at 1018 (quoting Dobie, *Venue in Criminal Cases in the United States District Court*, 12 Va.L.Rev. 287, 289 (1926)).

■ The language defining the location of the mail fraud offense includes the clauses, "places in any post office," "takes or receives therefrom," and "causes to be delivered." § 1341. Under the wire fraud statute, the place of the offense is where anyone "transmits or causes to be transmitted" in interstate or foreign commerce a wire communication in furtherance of a scheme to defraud. § 1343. Accordingly, venue under the mail and wire fraud statutes lies at the place where an individual causes a mailing or wire communication to be sent or received. *See Salinger v. United States*, 265 U.S. 224, 233–34, 44 S.Ct. 519, 522, 68 L.Ed. 989 (1924) (mail fraud); *United States v. Sorce*, 308 F.2d 299, 300 (4th Cir.1962) (mail fraud), *cert. denied*, 377 U.S. 957, 84 S.Ct. 1635, 12 L.Ed.2d 500 (1964); *United States v. Goldberg*, 830 F.2d 459, 465 (3d Cir.1987) (wire fraud); *Boruff v. United States*, 310 F.2d 918, 923 (5th Cir.1962) (wire fraud). Since the offenses include *causing* the transmission of communications in pursuit of fraud, venue over all co-defendants will lie where any co-defendant commits any of the prohibited acts. *United States v. Blecker*,

657 F.2d 629, 636 (4th Cir.1981) (mail fraud), *cert. denied*, 454 U.S. 1150, 102 S.Ct. 1016, 71 L.Ed.2d 304 (1982); *cf. United States v. Butler*, 704 F.Supp. 1338, 1343 (E.D.Va.1989) (wire communication must be reasonably foreseeable part of scheme but need not be sent by defendant), *aff'd*, 905 F.2d 1532 (4th Cir.), *cert. denied*, 498 U.S. 900, 111 S.Ct. 257, 112 L.Ed.2d 215 (1990).

In addition, 18 U.S.C. § 3237(a) provides, in pertinent part:

> (a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

The second paragraph of that section defines any offense involving the mails as a "continuing offense ... [that] may be inquired of and prosecuted in any district from, through, or into which such ... mail matter ... moves." *Id.* This circuit has held that mail fraud is a continuing offense under this section. *Sorce*, 308 F.2d at 300. Wire fraud is also a continuing offense subject to the venue provisions of § 3237(a). *Goldberg*, 830 F.2d at 465; *United States v. Spiro*, 385 F.2d 210, 211 (7th Cir.1967).

Though mail and wire fraud are continuing offenses, venue is not as expansive as the Government argues. Section 3237(a) does not allow prosecution in any place where a scheme to defraud touches, in the absence of evidence that a defendant caused a mailing or interstate wire communication to be sent through or to be received in the district. The mail and wire fraud statutes punish the use of the mails or wires in pursuit of a scheme to defraud; fraudulent activity cannot form the basis for venue unless it is related to these offenses. *See* §§ 1341, 1343. Under the rule established in *Kreuter v. United States*, 218 F.2d 532 (5th Cir.), *cert. denied*, 349 U.S. 932, 75 S.Ct. 777, 99 L.Ed. 1262 (1955), and *United States v. Hoffa*, 205 F.Supp. 710 (S.D.Fla.), *cert. denied*, 371 U.S. 892, 83 S.Ct. 188, 9 L.Ed.2d 125 (1962), venue in mail fraud actions is not proper in the district where a scheme to defraud is hatched

absent evidence establishing that a defendant sent, received, or caused the sending or receiving of mail matter in that district. By analogy, the same rule applies to wire fraud prosecutions. This rule prevents establishing venue on the basis of a defendant's activities or presence in a district where such activities or presence are unrelated to any act punishable under § 1341 or § 1343. The federal venue statute does not override the definition of the offenses in the mail and wire fraud statutes, to which this court must look when determining venue under the principles of *Walden;* it simply allows the prosecution of such offenses to be maintained wherever the mails or wires have been used in the course of a scheme to defraud.

■ Based on this analysis, the Government has not alleged nor does it appear able to prove any set of facts to establish the Western District of Virginia as the proper venue for the mail and wire fraud counts of the superseding indictment. There are no allegations that mail matter passed into or out of this district. There are no allegations that any interstate wire communications passed into or out of this district. The one intrastate call from Defendant Fraser to the F.B.I. informant cannot establish venue since it is not punishable under the wire fraud statute. *Boruff v. United States,* 310 F.2d at 922–23. If the call had caused someone in this district to make a mailing or interstate call in pursuit of the Defendants' scheme, then this district would have venue. There is no evidence that the Defendants coaxed the F.B.I. informant or anyone else in this jurisdiction into doing so, however.[1]

Since the court is of the opinion that counts two and three must be dismissed on venue grounds, it is unnecessary to address the Defendants' alternative argument that the counts are duplicitous.

### IV. Transfer of Venue

Having determined that counts two and three must be dismissed, the court must next consider the propriety of transferring count one to another district so that this action may be prosecuted in a single proceeding, if the Defendants are reindicted under counts two and three in the proper venue. Since the transactions giving rise to this case center around the District of Columbia and the Eastern District of Virginia, the court will transfer the case to one of these districts.

■ Under Fed.R.Crim.P. 21(b) the court may transfer a case "[f]or the convenience of parties and witnesses, and in the interests of justice," if a defendant makes a motion to transfer venue. Courts have considered the following factors when ruling on motions to transfer: 1) the location of defendants, 2) the location of witnesses, 3) the location of documents likely to be involved, 4) expenses of the parties, 5) the location of counsel, 6) the accessibility of the place of trial, 7) docket conditions in the place of transfer, as well as 8) the location of the events at issue in the prosecution. *See United States v. Hurwitz,* 573 F.Supp. 547, 552 (S.D.W.Va.1983) (quoting *Platt v. Minnesota Mining & Mfg. Co.,* 376 U.S. 240, 244, 84 S.Ct. 769, 771, 11 L.Ed.2d 674 (1964) (noting parties' agreement and court of appeals' holding that such factors are appropriate)); *United States v. Oster,* 580 F.Supp. 599 (S.D.W.Va.1984). Though the home of a defendant is not an independent ground for transfer, it may be considered along with other factors militating in favor of a change in venue. *Platt,* 376 U.S. at 245–46, 84 S.Ct. at 772; *see also Oster,* 580 F.Supp. at 602 (residence of defendant a factor favoring transfer to that district) (citing *United States v. Atwood,* 538 F.Supp. 1206, 1207 (E.D.Pa.1982)).

The court notes the following other factors that appear to be appropriate in determining whether to transfer criminal actions involving multiple transactions in different districts. First, the court should consider the locus of criminal activity charged in the count the defendant seeks to transfer and the significance of any criminal acts committed in the various districts where venue exists. Where

---

1. Even if the F.B.I. informant in this district had made an interstate call to the police in the effort to set the Defendants up for arrest, the call would not have been made in furtherance of the Defendants' scheme. *See United States v. Pietri*

*Giraldi,* 864 F.2d 222 (1st Cir.1988) (telexes not made in furtherance of scheme to defraud where their purpose was to check on validity of certificate of deposit filed by defendant and when they uncovered fraudulent nature of the deposits).

venue is proper as to certain counts, but not others, the court should consider the potential for unfairness to the defendant that might be caused by successive prosecutions of related criminal actions, as well as the potential for excessive delay and expense that might be created by failing to grant the motion to transfer.

■ The only overt act committed by the conspiracy touching upon this district is the phone call from Defendant Fraser, presumably made from the Eastern District of Virginia. The connection to this district is very tenuous. The Defendants hatched their alleged scheme, carried it out, and were arrested in the Washington metropolitan area. The insurance company victimized by the Defendants' alleged fraud is based in Texas. There appear to be no witnesses in this district aside from, possibly, the F.B.I. informant.[2] Accordingly, considering the above-mentioned factors, this court has little trouble finding that count one should be transferred to either the District of Columbia or the Eastern District of Virginia.

Defendant Donato seeks transfer to the District of Columbia and, presumably, Defendant Fraser concurs since he joined Defendant Donato's motion. The mailings and interstate wire communications in furtherance of the Defendants' alleged scheme were either sent by Defendant Donato from Washington, D.C., or from her insurance company to her house in Washington, D.C., according to the representations of Defendant Donato's counsel. Other overt acts of the conspiracy occurred in the Eastern District of Virginia, where Defendant Fraser drove the Nissan automobile and tried to sell it.

Although this court would prefer to send this case to the Eastern District of Virginia, given the state of the docket in the District of Columbia,[3] the fact that this conspiracy would be tried appropriately where Defendant Donato sent and received the mailings and wire communications made in furtherance of the alleged fraud militates in favor of transferring the action to the District of Columbia, however. That is the district where this action can proceed to trial in a unified fashion. Also, that is the district where Defendant Donato lives. Defendant Donato's communications with her Texas insurance company lay the basis for prosecuting this conspiracy, as well as any mail or wire fraud prosecution that might be brought. This fact, in addition to the other factors mentioned above, make the United States District Court for the District of Columbia the appropriate venue for the conspiracy alleged in the superseding indictment.

For the reasons stated above, the court shall dismiss counts two and three of the indictment and transfer count one of the indictment to the United States District Court for the District of Columbia. An appropriate Order shall this day issue.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ADJUDGED AND ORDERED

as follows:

1) Defendants' motion to dismiss count one of the superseding indictment in this case shall be, and it hereby is, denied;

2) Defendants' motion to dismiss counts two and three of the superseding indictment in this case shall be, and it hereby is, granted, and counts two and three of the indictment shall be, and they hereby are, dismissed;

3) Defendant's motion to transfer this action to the United States District Court for the District of Columbia shall be, and it hereby is, granted, and count one shall be,

---

2. The informant is currently in jail. The court is unaware of the location.

3. The state of the docket in each district should not form the basis for a transfer in the wake of the Speedy Trial Act, 18 U.S.C. § 3161. *Hurwitz*, 573 F.Supp. at 554 (citing *United States v. Bein*, 539 F.Supp. 72, 75–76 (N.D.Ill.1982)). As a practical matter, however, the court cannot ignore the reality that certain districts, including the District Court for the District of Columbia, have vast criminal dockets, and that this court should not contribute to delay by failing to consider this fact when ruling on a motion to transfer. The court also notes, however, that the Eastern District of Virginia, and this district for that matter, also labor under heavy criminal dockets.

and it hereby is, transferred to the United States District Court for the District of Columbia for further proceedings.