**JOHN BRIGGS, Plaintiff,**

**v.**

**LONGLINE SERVICES, Defendant.**

High Court of American Samoa
Trial Division

CA No. 70-04

June 27, 2005

Before KRUSE, Chief Justice; ATIULAGI, Associate Judge; and MAMEA, Associate Judge.

Counsel:  For Plaintiff, Katopau T. Ainu`u
         For Defendant, Mark F. Ude

### ORDER GRANTING IN PART AND DENYING IN PART, AMENDED MOTION TO COMPEL

### Background

On September 30, 2004, Defendant/Counter-Plaintiff Longline Services Inc. ("Longline") served Plaintiff/Counter-Defendant John Briggs ("Briggs") with a set of interrogatories. On October 27, 2004, Briggs responded to those interrogatories. On December 2, 2004, Longline filed a motion to compel[44], asserting that many of Briggs' responses were inadequate. On March 23, 2004, this Court denied that motion, stating that Longline did not adequately explain its objections to Briggs' responses. Then, on March 28, 2004, Longline filed an amended motion to compel, reasserting its earlier position, but presenting its argument with an increased amount of specificity.

Longline specifically cites 17 separate interrogatories where it alleges that Briggs has provided inadequate responses. Of those 17 interrogatories, Briggs responded to 15 by simply stating that the question was either vague[45] or requested irrelevant information.[46] Of the remaining two, Briggs totally failed to respond to one interrogatory and the other Longline claims was not answered fully.[47] In addition to those specifically cited interrogatories, Longline also generally voices

---

[44]  T.C.R.C.P 37(a)(2) authorizes this Court to compel a party to respond to an interrogatory, where that party has failed to previously answer such an interrogatory.

[45]  Interrogatories #4 and #11.

[46]  Interrogatories #13, #14, #85, #88-95, #103, and #104.

[47]  Interrogatories #106 and #86, respectively.

displeasure with 20 other instances[48] where Briggs responded to an interrogatory by simply stating that the answer could be obtained by referencing files that are in the possession of Daniel King, an accountant who Briggs alleges is affiliated with Longline.

## Analysis

### I.    Failure to respond due to alleged vagueness

■ In response to interrogatories #4 and #11, Briggs did not provide a substantive answer because he asserts that the question was vaguely worded. An interrogatory must provide the other party a reasonably clear indication of the information to be included in its answer. *See Struthers Scientific and Int'l Corp. v. General Foods Corp.*, 45 F.R.D. 375, 379 (S.D. Tex. 1968); *Banana Service Co. v. United Fruit Co.*, 15 F.R.D. 106, 109 (D.Mass 1953). *See also* 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE, ' 2168 (2d. ed. 1994).

■ Interrogatory #04 asks Briggs to "provide what licenses [he] currently possess[es]." On its face, this question is relatively imprecise and vague because Longline never specifies what type of licenses it wishes to learn about or whether it wants a copy of the licenses or simply a list of them. However, despite the sloppy and imprecise wording, when read in context with Longline's argument in its motion to compel, it is relatively clear that Longline simply wishes to know whether Briggs has held any engineering related licenses within the past five years. Therefore, we compel Briggs to provide Longline with a list of any relevant engineering licenses that he has possessed within the last five years.

Interrogatory #11 asks Briggs to "state [his] employment history for the [last] five years." We find this question to be clear enough to provide Briggs with a reasonably clear indication of the information to be included in its answer. Longline simply wishes to know to all of Briggs' different employers over the past five years. Therefore, we compel Briggs to provide an adequate response to interrogatory #11.

### II.    Failure to respond due to alleged irrelevancy

In response to interrogatories #13, #14, #85, #88 - #95, #103, and #104, Briggs failed to respond, claiming that the interrogatory asked for irrelevant information.

---

[48] Interrogatories #24, #25, #50, #52, #53, #54, #55, #56, #57, #58, #75, #77, #79, #80, #84, #102, #105, #107, #109 and #110.

■ Relevancy "`is to be more loosely construed at the discovery stage than at trial.'" *Kerr v. U.S. Dist. Court. for the Northern Dist. of Ca.*, 511 F.2d 192, 196 (N.D.Ca. 1975) (citing 8 CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE, ' 2008 (1970)). Any discovery request, including interrogatories, need only ask for information that is "relevant to the subject matter involved in the pending action." *See* T.C.R.C.P 26(b)(1). *See also* T.C.R.C.P 33(b) (providing that "[i]nterrogatories may relate to any matters which can be inquired into under 26(b) . . .").

■ Interrogatory #13 asks Briggs to provide Longline with a list of all vehicles owned by Briggs. Longline asserts that because it is seeking money damages, information as to Briggs' assets is relevant. However, whether Briggs owns any vehicles is of no relevance to the subject matter of this suit. This suit involves the parties' partnership to operate two fishing vessels. The subject matter of this suit is not whether Briggs has sufficient assets to cover an award of money damages. Thus, we hold that interrogatory #13 asks for irrelevant information and need not be responded to.

Interrogatory #14 asks Briggs to provide Longline with a list of all the "property" he owns. At first blush, this interrogatory appears to be somewhat vague. By using the broad term "property," Longline leaves this interrogatory open to several different interpretations, the most natural being that Longline wishes to receive a list of all property that Briggs owns, both real and personal. However, because the most reasonable interpretation of the interrogatory is that Longline desires to know what Brigg's real estate holdings are, we will assume that it was Longline's intent to illicit such a response. With that being settled, however, the next question is whether such a query is relevant to the subject matter of this case. Longline contends that because it is seeking money damages, such information is relevant. As with interrogatory #13, we hold that this information is not relevant because the subject matter of this suit is not whether Briggs has sufficient assets to cover an award of money damages.

Interrogatory #85 asks Briggs to provide "a list of all names, both past and present, who have access to Account No. 333906 USD 374000, along with the proper name of the bank." Because one of the central questions in this suit and cross-suit is whether Briggs breached the fiduciary duty he owed to his partner, we feel that information regarding a bank account Briggs may have control over is relevant to the suit. Thus, we order Briggs to provide the requested information.

Interrogatory #88 asks Briggs to "provide his whereabouts for the past year." Like interrogatory #85, because one of the central questions of this suit is whether Briggs has breached his fiduciary duty owed to Longline, Briggs' whereabouts during the past year is relevant to

determine whether he was acting consistent with that duty. Therefore, we compel Briggs to respond to interrogatory #88.

Interrogatory #89 asks Briggs to reveal all of the "shipyard projects" that he has managed during the past five years. Because this dispute involves Briggs' performance within a partnership to operate several oceangoing vessels, we find that whether Briggs has, in the past, managed any "shipyard projects" to be related to subject matter of this suit, and thus, relevant information. Therefore, we compel Briggs to respond to interrogatory # 89.

Interrogatory #90 asks Briggs to divulge whether he has "ever managed a shipyard before." An important issue in this suit is whether Briggs failed in his responsibility to operate and maintain the partnership vessels. His background in the industry is therefore relevant to the subject matter of the present suit. Thus, we compel Briggs to respond to interrogatory #90.

Interrogatory #91 asks Briggs to reveal "the identity of Ms. Farida and [his] relationship to her." Longline claims that the requested information is relevant because the information might help it determine where Briggs placed certain partnership investments. In a dispute between two partners, information about the expenditure or investment of partnership funds is relevant. Thus, we compel Briggs to respond to interrogatory #91.

In interrogatories #92 through #95, Longline asks Brigg's to reveal his yearly income, and the sources of that income, for the years 2001 through 2004. Longline asserts that it "seeks to determine where the investments were spent, as well as who the recipients were, and what basis upon which they were paid." Longline further contends that "[if] Plaintiff had other sources of income, they could be in conflict with his duties towards the partnership." We find that Longline has demonstrated that Brigg's income—both its source and amount—is relevant to the subject matter of the case, but only dating back to the formation of the partnership. Therefore, we compel Briggs to provide such information.

Interrogatory #103 asks Briggs for a list of the "recreational boats" that he owns or has an interest in. Longline asserts that in the past, Briggs has spent time on his recreational boats rather than attending to his partnership duties. Because a central question in this case is whether Briggs failed the partnership by neglecting the partnership vessels, and because whether Briggs spent an excessive amount of time on his recreational vessels might help answer that question, we find that the requested information is relevant and the interrogatory to be answered.

Interrogatory #104 asks Briggs to reveal the location and value of any recreational vessels present in Briggs' response to Interrogatory #103. Longline claims that because it is seeking money damages, such information is relevant. As was the case with interrogatories #13 and #14, we find that an interrogatory searches for irrelevant information if it seeks to illicit information about a party's assets, simply to gauge whether the party will be able to cover an award of money damages. We hold that Briggs can, therefore, ignore interrogatory #104.

### III.　Total failure to respond

■ Briggs totally failed to provide a response to interrogatory #106. In interrogatory #106, Longline asked Briggs to provide a "list of dates and reasons for the drydocking of `AURO' since [Briggs] starting working toward the purchase and repair" of the vessel. Briggs provided neither a response to the question nor an objection to its form or content. A total failure to respond to an interrogatory may open a party up to sanctions. *Petrosino v. Bell Atlantic*, 385 F.2d 210, 232 (2nd Cir. 2004). However, rather than order sanctions, we will opt simply to compel Briggs to offer a satisfactory response to the interrogatory. The question is clearly stated and relevant and therefore Briggs cannot merely choose to ignore its query.

### IV.　Inadequate response

In interrogatory #86, Longline provides a list of seven names and asks Briggs to "provide a detailed accounting of who [the] individuals are" and what their relationship to Briggs is. Longline also asks for "full and correct spellings" of the listed peoples' names. Briggs responded by providing: "These are captains and Navigators in Pusan Korea." As is evident from his very brief answer, Briggs never attempted to confirm the spelling of the listed names, nor adequately explain their relationship to him. Therefore, we compel Briggs to provide a more detailed response to interrogatory #86, including a confirmation of the spelling of the listed names and his relationship to those persons.

### V.　Response references documents held by Daniel King

Lastly, in response to interrogatories #24, #25, #50, #52, #53, #54, #55, #56, #57, #58, #75, #77, #79, #80, #84, #102, #105, #107, #109 and #110, Briggs stated that an answer to the question could be found by referencing files in the possession of Daniel King, who Briggs asserts is Longline's accountant. Longline maintains that Briggs' response to those interrogatories is inadequate because even if such information were obtainable by referencing those files, Briggs should also have personal knowledge of the information asked for and should therefore provide his version and memory of those facts.

191

Briggs appears to be utilizing T.C.R.C.P. 33(c),[49] which provides:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination . . . of such records . . . , and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived . . . . A specification shall be in sufficient detail to permit the interrogating party to locate and to identify . . . the records from which the answer may be ascertained.

■ Before the responding party may utilize Rule 33(c)'s business records provision, that party has the burden of establishing that its use of the rule is proper. *See Sabel v. Mead Johnson and Co.*, 110 F.R.D. 553, 555 (D.Mass. 1986). One important limitation to the rule is that the responding party may only refer to business records that are its own, not that of somebody else. *See Davis v. Fendler*, 650 F.2d 1154, 1158 n.3 (9th Cir. 1981) (stating that appellant could not, under Rule 33(c), respond to an interrogatory my referencing business records that were not its own). *See also* 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE, ' 2178 (1994). In the present controversy, Briggs does not make clear exactly whose business records he is referring to. He states, generally, that certain relevant records are in the possession of Daniel King, who Briggs alleges is Longline's accountant. Briggs does not state the records are its own records. Therefore, Briggs has not established that he can use Rule 33(c) to avoid responding to the interrogatories.

■ Moreover, Briggs has failed to establish another one of Rule 33(c)'s important prerequisites. Rule 33(c) provides that the responding party should be specific enough in their response such that the interrogating party may locate the exact records from which the requested answer may be found. T.C.R.C.P. 33(c) ("A specification shall be in sufficient detail to permit the interrogation party to locate and to identify . . . the records from which the answer may be ascertained."). Most of Brigg's responses simply provide that the required information is "on file" with Daniel King, without specifically naming the documents or giving any identifying information. Thus, Briggs has not provided sufficient detail for Longline to locate the exact document where the information can be found.

---

[49] T.C.R.C.P. 33(c) was modeled after the identically worded Fed. R. Civ. P. 33(c). However, in 1993, Fed. R. Civ. P. 33(c) was redesignated Fed. R. Civ. P. 33(d). (Emphasis added). Thus, recent pertinent federal cases will cite to Fed. R. Civ. P. 33(d), rather than 33(c).

Therefore, Briggs has not fulfilled the requirements of Rule 33(c), and thus his responses to the interrogatories in question are inadequate. We compel Briggs to provide adequate responses to interrogatories #24, #25, #50, #52, #53, #54, #55, #56, #57, #58, #75, #77, #79, #80, #84, #102, #105, #107, #109 and #110. In those forthcoming responses, if Briggs can fully satisfy the requirements of Rule 33(c), he may answer by referencing relevant business records. Otherwise, he shall provide an answer which reflects the full extent of his personal recollection and knowledge.

### Order

1. Longline's amended motion to compel is granted with respect to interrogatories #4, #11, #24, #25, #50, #52-#58, #75, #77, #79, #80, #84-#86, #88-#95, #102-#107, #109 and #110. Briggs shall provide adequate responses to those interrogatories no later than 30 days after entry of this order.

2. Longline's amended motion to compel is denied with respect to interrogatories #13, #14 and #104.

It is so ordered.